376 So.2d 357 (1979)
TELEDYNE MOVIBLE OFFSHORE, INC., Plaintiff-Appellee,
v.
C & K OFFSHORE COMPANY, Defendant-Appellant.
No. 7144.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
*358 Liskow & Lewis, George H. Robinson, Jr., Lafayette, for defendant-appellant.
Onebane & Associates, Randall C. Songy, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and SWIFT, JJ.
SWIFT, Judge.
The plaintiff, Teledyne Movible Offshore, Inc. (Teledyne), contracted with defendant, C & K Offshore Company (C & K), to install the deck section of a drilling and production platform in the Gulf of Mexico. Teledyne's original bid for the work was $231,200.00. It contained no provision for payment by C & K of any extra charge for the time that the productive work was shut down because of adverse weather conditions. Subsequently, Teledyne submitted an alternate quotation of $220,550.00 for this and other work on the platform wherein weather delays would be charged to C & K according to Teledyne's rental rate schedule. The second bid was accepted by C & K, subject to numerous provisions one of which was that the superstructure would be loaded on Teledyne's barge and proceed to the well site "as early as May 1, 1977 or as late as Sept. 1, 1977".
The deck section was transported to the location and an unsuccessful attempt was made to install it in the middle of August, 1977. There is a substantial dispute between the parties as to the reason why the work was not successfully completed at this time, each party contending it was caused by the fault of the other. Following this aborted attempt, the deck section was returned to shore where it was damaged and had to be repaired. It was also necessary to place Teledyne's barge in dry dock for repairs.
After it became obvious that there would be an extensive delay before a second attempt to install the deck section could be made, Teledyne's J. C. Stanley discussed the matter with C & K's E. R. Manson and by letter of September 8, 1977, the former offered "to allow C & K to exercise an option to install the deck in accordance with our original bid of September 10, 1976." In his deposition Mr. Manson acknowledged talking to Mr. Stanley about this and receiving the letter. He further testified he told Stanley that C & K declined that offer as his company wanted to proceed under the contract that was then in effect.
The work was finally performed in October, 1977. Weather delays were encountered and were charged to C & K as reflected on Teledyne's Invoice No. M 6724, Part I for $97,558.99 for delays during the deck installation and Part II in the sum of $44,851.72 for delays occurring during installation of the boat landing, etc.
C & K paid the contract price of $220,550.00. Teledyne then filed this suit seeking to recover an additional $305,576.48, with interest and attorneys fees. This amount includes the $142,410.71 shown on Invoice M 6724 mentioned above, $165,089.64 billed on Invoice M 6712 as the cost of the unsuccessful attempt to install the deck and $984.71 set forth on Invoice M 6766 for miscellaneous work on the platform.
C & K answered, denying liability beyond the amount previously paid. Teledyne filed a motion for partial summary judgment for the total amount of Invoices M 6724 and M 6766. Liability for the cost of the first attempt to install the deck in August (Invoice M 6712) is, of course, seriously disputed.
When the motion was heard the parties stipulated that the charges of $44,851.72 set forth in Part II of Invoice M 6724 and $984.71 shown on Invoice M 6766 were due and owing by C & K to Teledyne. Consequently, the only issue presented for decision on the motion was whether there was a genuine issue of material fact in regard to Teledyne's charge of $97,558.99 for weather delays in the installation of the deck billed in Part I of Invoice M 6724. The trial judge concluded there was not and sustained the motion, rendering judgment in *359 favor of plaintiff for $143,405.42[1] with legal interest from December 4, 1977.
On appeal C & K contends the trial court erred in concluding that it was responsible for weather delay charges of $97,558.99 for the deck installation in October, 1977, and also in awarding interest from December 4, 1977 rather than from date of judicial demand.
A summary judgment may not be rendered unless the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. It is no substitute for a trial on the merits. All reasonable doubts are resolved against the granting of a summary judgment even where it may be favored by a preponderance of the evidence. LSA-C.C.P. Art. 966; Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Walker v. Graham, 343 So.2d 1171 (La.App. 3 Cir. 1977), writs refused 346 So.2d 213 (1977). The likelihood that a party will be unable to prove his allegations upon trial on the merits does not constitute a basis for rendering a summary judgment. Hemphill v. Strain, 341 So.2d 1186 (La.App. 1 Cir. 1977), writ refused 343 So.2d 1072 (1977).
It is undisputed that there is less likelihood of work delays due to adverse weather in the Gulf during the summer months than in the winter and the weather there was excellent in August, 1977, when the installation was first attempted. C & K contends the parties never intended that it be responsible for weather delays in the winter months as the original contract provided for performance of the work in the summer; nor that they intended its refusal of Teledyne's offer of September 8, 1977, to revert to the original bid wherein the latter would be responsible for such delays, constituted an assumption by C & K of such obligation if Teledyne went forward with the work after September 1, 1977.
We are unable to say that the contract which the parties entered into for this work or Teledyne's letter of September 8, 1977, and C & K's response thereto are entirely free of ambiguity in the respects just mentioned. Thus, there is a genuine issue of material fact as to the intention of the parties concerning the responsibility for weather delays that occurred when the work was performed in October and a trial on the merits is required.
We conclude that the trial judge erred in sustaining the motion for a partial summary judgment as to the whole amount of the weather charges appearing on Invoice M 6724. The parties having stipulated that $44,851.72 thereof and the $984.71 billed by Invoice M 6766 are owed by C & K, the judgment will be amended to reduce its principal amount to the total of such sums or $45,836.43.
C & K contends that according to Diesel Engine Repairs, Inc. v. Point Landing, Inc., 291 So.2d 793 (La.App. 4 Cir. 1974), legal interest should have been awarded on the amount which it owes Teledyne only from judicial demand rather than from December 4, 1977. (The latter is 30 days after the date of Invoice M 6724.)
Unlike judgments in ex delicto actions wherein legal interest attaches from judicial demand under LSA-R.S. 13:4203, interest is recoverable on debts arising ex contractu from the time they become due, unless otherwise stipulated. LSA-C.C. Art. 1938; Calhoun v. Louisiana Materials Co., 206 So.2d 147 (La.App. 4 Cir. 1968), writ refused 208 So.2d 324 (La.1968).
The invoices covering the undisputed amount involved in the motion for partial summary judgment, M 6724 and M 6766 dated November 4 and December 5, 1977, respectively, contain a notation that one and one-half percent per month interest will be added to all invoices unpaid 30 days after date. However, the record does not reflect that the parties had any prior agreement to this effect or that the defendant *360 knew that plaintiff would claim interest prior to receipt of the invoices.[2]
Just when the indebtedness reflected on such invoices became due is not entirely clear in our jurisprudence. In Levingston Supply Co. v. American Employers' Ins. Co., 216 So.2d 158 (La.App. 1 Cir. 1968), writ refused 218 So.2d 902 and 254 La. 860, 227 So.2d 596 (1969), the court concluded that the term "2% 10th prox net 30 days" appearing on the last invoice meant that it and all previous invoices were due thirty days from the date of the last one and awarded legal interest from the due date. However, this decision seems to conflict with Diesel Engine Repairs, Inc., supra, wherein legal interest was awarded from judicial demand despite what appears to have been a notation on the invoice that interest would be due thirty days after its date. The court said this conclusion was reached because there was no evidence of any such agreement at the time of the purchase or that the purchaser had any prior knowledge that interest would be charged in the event of default.
We believe the Levingston Supply Company rationale is more appropriate under these circumstances. The work was completed in October, 1977, before either invoice was presented to C & K. Generally, the party to whom services are rendered or materials furnished is obliged to pay therefor when they are delivered unless an extension of time for payment is granted. This court has held that an attorney is entitled to be paid his fee and legal interest begins to run thereon when the bill was delivered to the client, not from judicial demand. Nugent v. Downs, 230 So.2d 597 (La.App. 3 Cir. 1970). Logically, this would also apply to the situation before the court. However, as Teledyne unilaterally agreed to extend the time for payment to 30 days from the dates of the invoices, in our opinion the indebtedness involved in Invoices M 6724 and M 6766 became due 30 days after their dates or on December 4, 1977, and January 4, 1978, respectively. Since no additional obligation was imposed on C & K in granting the extensions, there is no reason the latter's express consent thereto had to be obtained. The judgment of the trial court will be amended accordingly.
For the foregoing reasons, the judgment of the district court is amended to reduce the principal amount thereof from $143,405.42 to $45,836.43 and award legal interest on $44,851.72 thereof from December 4, 1977, and on $984.71 thereof from January 4, 1978, until paid. As amended, the judgment is affirmed and the case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. The costs of this appeal are taxed to the defendant-appellee. Taxation of all other court costs will await the final determination of the suit.
AFFIRMED AS AMENDED AND REMANDED.
NOTES
[1] According to our addition, this figure should have been $143,395.42.
[2] Teledyne has acknowledged in its brief that it is not entitled to interest at the rate of one and one-half percent per month as noted on the invoices because there was no prior agreement for such conventional interest.