408 So.2d 24 (1981)
Rene Allen BEGNAUD, Plaintiff-Appellant,
v.
PEDESTAL CRANE, INC., et al., Defendant-Appellee.
No. 8543.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*25 Onebane & Associates, Mark L. Riley, Lafayette, for intervenor-appellee-appellant.
Michael Skinner, Lafayette, for plaintiff-appellant-appellee.
Gachassin & Capretz, Nicholas Gachassin, Jr. and Carey T. Jones, Lafayette, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOMENGEAUX, Judge.
In this tort suit plaintiff alleges that on May 7, 1980, he received accidental personal injuries caused by the negligence of defendant, Pedestal Crane, Inc. (Pedestal). Pedestal answered alleging that it was plaintiff's statutory employer, thus relegating his remedy to workmen's compensation. United General Insurance Company, the workmen's compensation carrier for the plaintiff's employer, B & S Heavy Haulers, Inc. (B & S) intervened to recover any amounts that it had paid or would become obligated to pay to plaintiff in compensation benefits. Ultimately Pedestal filed a motion for summary judgment which was granted by the trial court. It was held that plaintiff's exclusive remedy herein is in workmen's compensation and consequently his suit was dismissed.
Plaintiff appeals and we affirm.
The pleadings and other summary judgment documents show that at the time of the accident plaintiff's employer, B & S, had contracted with defendant Pedestal to transport a boom section of a heavy crane belonging to Pedestal. Pursuant to this contract, plaintiff was standing on the back of one of his employer's flatbed trucks at Pedestal's place of business, when a large industrial crane owned or leased by Pedestal fell on the bed of the truck on which plaintiff was standing. In an attempt to jump out of the path of the falling crane, plaintiff injured his right foot.
There is only one issue before us: Is there any genuine issue of material fact as to whether the work undertaken by plaintiff's employer, B & S for defendant Pedestal was an integral part of Pedestal's regular business, so as to preclude the use of summary judgment?
LSA-C.C.P. Article 966[1] provides that a motion for summary judgment shall be rendered *26 forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence that material facts are still at issue, and only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
In consideration of this motion for summary judgment, our review of the record indicates that there is no genuine issue of material fact. The mover in this action, through affidavits and interrogatories, has shown there is no genuine issue of material fact concerning whether the activity undertaken by B & S was a part of the regular business of Pedestal, within the meaning of LSA-R.S. 23:1061.[2]
The affidavit and interrogatories establish that Pedestal is in the business of building and selling industrial cranes. John Hudson, its President and General Manager, in his affidavit states that Pedestal is in the business of building and selling industrial cranes. He further states that an essential and integral part of Pedestal's business is the transportation of both its finished product and any replacement parts necessary to maintain and repair the equipment sold to its customers.
The conclusion that the work undertaken by B & S was part of the regular business of Pedestal is further supported by the answers to the interrogatories propounded to Pedestal. The interrogatories propounded to Pedestal contained the following questions and answers:

"INTERROGATORY NO. 1
Q. How many times during the year 1980 did Pedestal Crane, Inc. hire B & S Heavy Haulers to transport equipment, parts or any other item?
A. B & S Heavy Haulers operated through Roy Young, Inc. up to May, 1980. Pedestal Crane hired B & S (Roy Young) approximately 40 times up to and through the month of April, 1980. From May, 1980, B & S operated through Kay-Lease, Inc. From May, 1980, through December, 1980, Pedestal Crane utilized B & S (Kay-Lease) approximately 100 times. This would include a wide variety of items ranging from hand carryable parts transported by halfton rated pick-up trucks up to large steel structures requiring trailer trucks."
T. B. W. Industries, Inc., the parent corporation of Pedestal keeps a fleet of trucks *27 which are available for use to Pedestal on a regular basis. The interrogatories provide the following information:

"INTERROGATORY NO. 3
Q. How many times during the year 1980 did Pedestal Crane, Inc. use the trucks allegedly maintained by T. B. W. Industries to transport equipment, parts, or any other item?
A. Estimated; 250 to 350 times. Detailed records on movement of all size trucks are not maintained.

INTERROGATORY NO. 6
Q. Where are the trucks allegedly maintained by T. B. W. Industries garaged?
A. Various trucks of various sizes:
Pedestal Crane, Inc. 228 Thruway Park Broussard, Louisiana P. O. Box 53813, OCS Lafayette, Louisiana 70505 T.B.W. Industries, Inc. SMATCO Warehouse La. 659 Gray, Louisiana 70359 P. O. Box 4036 Houma, Louisiana 70361 (Other locations deleted)"
It is therefore clear that Pedestal had in house trucking capabilities and was required on numerous occasions to supplement this capability with contract haulers, such as B & S.
Plaintiff contends that Pedestal has not proved that there is no genuine issue of material fact. We think he has. Plaintiff-appellant has filed no counter-affidavit nor has he informed the court of any other facts which would be determinative of this issue before us. It is clear that the transportation of both the finished product and any necessary parts is an integral part of Pedestal's business.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] Article 966 reads as follows:

"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
[2] LSA-R.S. 23:1061 provides as follows:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."