433 So.2d 403 (1983)
NATIONAL ROOFING & SIDING CO., INC.
v.
Edward M. GROS, Sr.
No. CA-0555.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
*404 Peter C. Rizzo, New Orleans, for defendant-appellant.
Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Stephen R. Doody, New Orleans, for plaintiff-appellee.
Before GULOTTA, SCHOTT and CIACCIO, JJ.
GULOTTA, Judge.
Defendant-homeowner, Edward M. Gros, Sr., appeals from a judgment awarding plaintiff the balance due, plus interest and attorney's fees, on a home improvement contract, and dismissing Gros' reconventional demand for water damage. In answer to the appeal, plaintiff seeks an increase in interest and attorney's fees, and recognition of a building lien filed against the property.
On March 16, 1980, the parties entered into a contract for the installation of vinyl siding, aluminum soffet and fascia on the exterior of the Gros residence at a total price of $3,181.00. After Gros made a $381.00 down payment and work began, he complained about the quality of the workmanship, and had several meetings and discussions with National officers. On April 8, in response to the complaints, National dispatched a second sub-contractor to rectify the discrepancies and complete the job. This litigation followed when the parties were unable to reconcile their differences at a final meeting on May 16.
After a trial on the merits, the judge awarded plaintiff the $2,800.00 balance due under the contract plus judicial interest from date of demand, and $700.00 in attorney's fees and costs.
Appealing, Gros complains the trial judge erred in concluding the job had been performed in a workmanlike manner when the evidence established defective installation and a failure to install a roof vent as specified in the contract. Gros further claims that he has successfully carried the burden of showing that water damage to the interior of his home was caused by plaintiff's workmen who made holes in the flat roof with their ladders when installing the siding.
Because we find no merit to these arguments, we find no error in the trial judge's award to National of the balance due under the contract. We do conclude, however, that Gros is entitled to a $35.00 set-off for National's failure to install the roof vent as provided for in the contract.
Although Gros' testimony, corroborated by a contractor, was that the siding installed by National was "wavy" and the job was inferior, this claim was disputed by plaintiff's president and plaintiff's supervisor who stated that all of Gros' complaints were rectified and that the completed work was satisfactory.
The evidence in this case presents a classic example of plaintiff's witnesses testifying that the work was completed in a *405 satisfactory and workmanlike manner and defendant's witnesses testifying to the inferior quality of the work. This is a credibility determination, and we cannot say the implicit findings[1] of the trial judge, resulting in a judgment in favor of the plaintiff, are clearly wrong. We conclude, therefore, that plaintiff substantially performed the contract despite the admitted failure to install the $35.00 roof vent. Accordingly, plaintiff is entitled to recover the contract price less the $35.00 cost for installation of the vent. See Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); Rudy Brown Builders, Inc., v. St. Bernard Linen Service, Inc., 428 So.2d 534 (La.App. 4th Cir.1983).
Turning now to the reconventional demand, we conclude Gros failed to carry the burden of establishing causation between the water damage to his home and any acts or omissions of plaintiff's employees. The evidence in the record was, at best, contradictory.
While installing siding on a "second story dormer", National's work crew placed stepladders and scaffolding on a flat roof over Gros' den. According to Gros, in the beginning of April, during the second week of National's work, he noticed water leaking through the ceiling of his den and observed a uniform row of holes on the roof. On April 13, in a "torrential" rain, he suffered extensive water damage and flooding in the den, which formed the basis of his reconventional demand. Although he did not actually see a ladder puncture his roof, he surmised that the leaking had been caused by the workmen's failure to use boards under the ladders. Gros testified he had experienced no prior leaks in his home.
National's president, Milton J. Loeb, on the other hand, testified that after Gros' complaint of leaking, he inspected the roof in April, and found it to be in "very, very poor condition" and "deteriorated". He observed a large patch on the roof cracking, and general deterioration with a "bad flashing tie-in". Loeb was of the opinion that the roof had leaked badly before the commencement of National's work.
Loeb saw evidence of stains on the den ceiling while inspecting the home on a rainy day but felt no dampness in the stained areas. Although he observed indentations on the flat roof, they did not penetrate the felt, and he saw no existing water leaks. According to Loeb, there was a sliding glass door "very low to the wall" in Gros' den and the room could have flooded such that "it might have seemed like the ceiling leaked." His testimony concerning the dry ceiling stains in the den was corroborated by his superintendent, L.D. Terry.
Ralph Williams, National's sub-contractor who installed the siding on the Gros home, acknowledged that he had used ladders and scaffolding on the flat roof, but that the ladders had rubber padding on the legs. He testified that the feet of his ladder did not "fit" the holes on the roof.
The test of sufficiency in a circumstantial evidence case is that the evidence, taken as a whole, must exclude other reasonable hypotheses with a fair amount of certainty. Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963); A & M Pest Control Serv. v. Fejta Const. Co., 338 So.2d 946 (La.App. 4th Cir. 1976). The evidence considered, we cannot say Gros has met his burden of establishing causation to support his reconventional demand in this case. Although some evidence supports Gros' theory of causation, as a whole it does not exclude National's reasonable hypotheses that the water damage resulted from pre-existing deterioration of the roof or flooding from the torrential rainfall. Accordingly, we find no error in the trial judge's dismissal of the reconventional demand.
Turning now to plaintiff's answer to the appeal, we find merit to National's claim for judicial interest from the date when the contract was substantially completed instead of the date of judicial demand. In an action on a building contract, interest is recoverable from the time the *406 debt becomes due unless otherwise stipulated. See LSA-C.C. Art. 1938; LSA-C.C.P. Art. 1921; Calhoun v. Louisiana Materials, Co., 206 So.2d 147 (La.App. 4th Cir.1968), writ refused 251 La. 1050, 208 So.2d 324 (1968); Teledyne Movible Offshore v. C & K Offshore, 376 So.2d 357 (La.App. 3rd Cir.1979). Gros' contractual debt to National became due upon substantial completion of the work by April 30, 1980. In these circumstances, plaintiff is entitled to legal interest on the balance due under the contract, subject to the $35.00 set-off, from this due date (April 30) rather than the date of judicial demand a year later.
We likewise find merit in National's claim for attorney's fees at the rate of 25% of the judgment (including the principal amount plus interest). The contract between the parties provides, in pertinent part:
"Should it become necessary to place this contact in the hands of an attorney for collection, the owner agrees to pay 25% of the principal and interest as Attorney's fees, plus court costs, minimum being set at $25.00."
The trial court's award of $700.00 in attorney's fees is 25% of the principal only due under the contract. Accordingly, we amend the judgment to provide for attorney's fees in the amount of 25% of the entire amended judgment, including principal and judicial interest.
Because plaintiff acknowledges, in brief, that "... Gros has paid to National the amount of the judgment" and the lien issue is "all but moot", we find no necessity to provide in the judgment in this court for recognition of the lien.
Accordingly, the judgment of the trial court is amended and recast as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, National Roofing and Siding Co., Inc., and against defendant Edward M. Gros, Sr. in the amount of $2,765.00 plus judicial interest from April 30, 1980, until paid, together with attorney's fees in the amount of 25% of the principal award and interest. Costs to be paid by defendant."
In all other respects, the judgment is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] No oral or written reasons were assigned by the trial judge.