435 So.2d 568 (1983)
Cheryl Isgitt HINTON, Individually and As Natural Tutrix, Plaintiff-Appellant,
v.
WESTERN CASUALTY AND SURETY COMPANY, et al., Defendants-Appellees.
No. 83-87.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
Rehearing Denied August 17, 1983.
Writ Denied November 4, 1983.
*569 Thomas, Dunahoe & Gregory, A.J. Gregory, Jr., and Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Bolen & Erwin, Ltd., James A. Bolen, Jr., Alexandria, Kelly & Salim, Robert Salim, Brittain, Williams & Wright, Joe Payne Williams, Natchitoches, for defendants-appellees.
Watson, Murchison, Crews, Arthur & Corkern, Ronald Corkern, Natchitoches, for defendant-appellee-appellant.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
The issue in this and a consolidated case[1] is whether a genuine issue of material fact exists regarding the legal nature of the relationship between TOM'S Foods (CPJ Products Corporation), a nationwide distributor of food products, and Charles Cox, an individual distributor of the products in the Natchitoches area of Louisiana. The dispute is whether this relationship is one of master-servant or independent contractor.
The case is a wrongful death action. It arises from the death of Mickey Dale Hinton on a highway near Natchitoches on January 23, 1981. Hinton was killed when his vehicle was in collision with a TOM'S Foods truck owned by Charles C. Cox and driven by Michael J. Smith, a route salesman for Cox. TOM'S Foods was sued based on allegations that a master-servant relationship existed between it and Cox and that it is therefore liable under respondeat superior. TOM'S moved for summary judgment contending that the pleadings, depositions and affidavits on file establish that Cox was an independent contractor and that therefore TOM'S is not liable in the case. The trial court, deciding that there was no genuine issue of material fact and that the facts established an independent contractor relationship between TOM'S Foods and Cox, granted summary judgment in favor of TOM'S Foods dismissing it from the case. The parties aggrieved by this judgment have appealed. We reverse and *570 remand. We find that there is a sufficient element of factual uncertainty regarding this relationship to preclude summary judgment and to require a trial on the merits.
The summary judgment evidence consists principally of the depositions of Cox and his route salesman, Smith. From these depositions it appears that Cox is a distributor for TOM'S Foods products in the Natchitoches area. He has been in this business for 21 years.
Some of the testimony favors a finding that an independent contractor relationship exists. For example, Cox owns his own trucks; hires and fires his own employees (route salesmen); pays their salaries (based on commission); takes care of his own expenses, including insurance; keeps his own books; owns and maintains his own office equipment, vending machines, displays and other equipment; and is considered by TOM'S as simply one of 600 independent distributors of TOM'S foods in the United States who own, maintain and operate their own businesses.
On the other hand, just as the trial court observed in its written reasons, the relationship between Cox and TOM'S is something more than a pure buyer-seller arrangement. Suggestive of the possibility that there existed a master-servant relationship are these considerations: Cox exhibits the logo of TOM'S Foods on his trucks and has the exclusive rights within his area to distribute these products. He can sell only those products distributed to him by TOM'S, or products approved for sale by TOM'S. Cox said that TOM'S plays an active supervisory role over his business. TOM'S sets guidelines concerning what type people to hire and the number of hours his route salesmen should work a week. It tells him what vending machines to buy and finances these purchases. TOM'S once recommended that Cox replace a route salesman. TOM'S helps train his salesmen. Its men discuss the performance of his salesmen with Cox.
The summary judgment evidence additionally shows that TOM'S paints Cox's trucks at its expense for advertising purposes. It sets sales goals and pays Cox what he described as a "kickback" if the goals are met. TOM'S may recommend the addition of a route salesman if in its judgment business needs require it. TOM'S makes recommendations concerning insurance and bookkeeping procedures. In 1981 Cox tried to sell his franchise but the district manager of TOM'S did not approve it. TOM'S can discontinue service to Cox on 30 days notice.
The existence of an employment relationship is essentially a mixed question of law and fact. Farmer v. Hartford Accident & Indemnity Co., 368 So.2d 487 (La.App. 3rd Cir.1979). In determining whether an employment relationship exists, the jurisprudence of this State has uniformly held that the most important element to be considered is the right of control and supervision over an individual. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972); Savoie v. Firemen's Fund Insurance Company, 347 So.2d 188 (La.1977); Adams v. Times-Picayune Publishing Corporation, 418 So.2d 685 (La. App. 4th Cir.1982). All parties in this case recognize in their briefs that the extent of control which TOM'S has over Cox is the material fact question at issue.
The precise question before us at this stage of the proceeding, however, is not the ultimate determination of whether or not the right of control existed, and consequently whether this was an employer-employee relationship and not an independent contractor relationship, but rather whether there is a genuine issue of fact unresolved regarding the nature of the relationship. At a summary judgment hearing it is not incumbent on a plaintiff to prove his case but merely to show that there is a disputed material fact. Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La.App. 3rd Cir.1974). In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of a summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
*571 Based on the above recited summary judgment evidence it is our opinion that whether TOM'S had the right of control and supervision over Cox sufficient to characterize their relationship as one of master-servant remains a genuine issue of material fact in this case. Summary judgment in favor of TOM'S is therefore not appropriate. For these reasons, we reverse and set aside the summary judgment in favor of TOM'S Foods and remand the matter for further proceedings. Appellees, TOM'S Foods and Liberty Mutual Insurance Company, will pay the costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The other case consolidated with this case in which a separate opinion is being this date rendered is Cheryll Isgitt Hinton v. Prudential Property & Casualty Insurance Company, 435 So.2d 571 (La.App. 3rd Cir.1983), number 83-88 on our docket.