441 So.2d 45 (1983)
James M. CHARGOIS, Plaintiff-Appellant,
v.
TRIP-L-QUIK, et al.[1], Triple K Corporation, Defendant-Appellee.
No. 83-252.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*46 Cecelia A. Bonin, New Iberia, for plaintiff-appellant.
Caffery, Oubre & Dugas, Jerry A. Oubre, New Iberia, for defendant-appellee.
Armentor & Wattigny, Dean M. Wattigny, New Iberia, for defendant-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
Plaintiff, James M. Chargois, appeals two judgments of the trial court granting motions for summary judgment filed by Triple K Corporation both of which dismissed plaintiff's claims against the corporation. Chargois seeks damages for personal injury incurred as a result of alleged battery and false imprisonment by Alfred Meaux, manager of a Trip-L-Quik store, and two of its employees, Sis Hammons and Gerald Anthony Hebert. Triple K was named a defendant along with these three individuals. We reverse and remand the case to the trial court for further proceedings.

FACTS
Chargois claims that he entered the Trip-L-Quik store in Iberia Parish which was operated by Meaux on December 2, 1981 to make some purchases. Plaintiff alleges that defendants Meaux, Hammons, and Hebert locked the doors of the store without just cause and prevented him from leaving the store. Plaintiff avers that this constituted false imprisonment. During this imprisonment Chargois was struck by Hammons with a lead pipe.

PROCEDURAL ASPECTS
In his original petition, Chargois asserts that Meaux, Hammons, and Hebert were acting in their capacities as manager and employees of Triple K and, therefore, the corporation is vicariously responsible for their actions. In a second supplemental and amending petition, he makes what appear to be allegations of independent negligence on the part of Triple K.
Plaintiff's second supplemental and amending petition was filed two days before the hearing on Triple K's first motion for summary judgment. The hearing was held on October 1, 1982. On that same day judgment was rendered and signed in favor of Triple K. Triple K filed a second motion for summary judgment on October 27,1982, addressed to the second supplemental and amending petition. The trial court granted judgment in favor of Triple K on this motion on January 21, 1983. Plaintiff took separate appeals from each judgment (Tr. 80 and 81), but the return date on each appeal was the same, March 28, 1983. One record was made up and lodged in this court. We consider both appeals in this opinion.

APPLICABLE LAW
Triple K asserted in both of its motions for summary judgment that the Trip-L-Quik store involved in this incident was operated by Alfred Meaux pursuant to a written franchise agreement and that Meaux, Hammons, and Hebert were not employees or agents of the corporation. Triple K denies any independent or vicarious responsibility for the incident.
A motion for summary judgment should be granted only if "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that *47 mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), writ denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted, and any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits. Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir. 1980). The likelihood that a party will be unable to prove his allegations upon trial on the merits does not constitute a basis for rendering a summary judgment. Teledyne Movible Offshore, Inc. v. C & K Offshore Company, 376 So.2d 357 (La.App. 3rd Cir. 1979).
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence that material facts are still at issue, and only at this point may he no longer rest on the allegations and denials contained in his pleadings. Begnaud v. Pedestal Crane, Inc., 408 So.2d 24 (La.App. 3rd Cir.1981).
We have for consideration in the case before us the pleadings, the written agreement between Meaux and Triple K, Triple K's answers to Chargois's interrogatories, and affidavits by Meaux and Cliff O'Neal, president of Triple K. The assertions contained in the affidavits appear to be based on the provisions of the written agreement. After reviewing these supporting documents, we find that a genuine issue of material fact does exist, and the motion for summary judgment was improperly granted.
Pertinent portions of the written franchise agreement are as follows:
"E. Owner-operator agrees to comply with all provisions, restrictions and controls provided in this agreement, as well as any other subsequently imposed by Triple K pursuant thereto, including, but not limited thereto, the following listed requirements.
"1. Owner-operator shall hire and supervise efficient, competent, sober and courteous operators and employees for the operation of the business, set their wages and commissions, and pay all such wages and commissions due them with no liability therefor on Triple K.
* * * * *
"3. Owner-operator hereby specifically agrees that whenever it shall appear in Triple K's reasonable judgment that owner-operator's said business is not being operated in compliance with the requirements hereof, that the volume of business being done is not equivalent to the average volume of other businesses similarly situated, or other business is not being operated profitably or efficiently, Triple K, at its option, may place one or more representatives at said store for a reasonable period of time to observe and examine any and all phases of operation thereof and may make any reasonable recommendation to owner-operator as to any operational change or procedure considered necessary or proper for efficient and profitable operation. Owner-operator shall effect promptly any such operational change or procedure so recommended."
The agreement authorized Meaux to operate his store as a Trip-L-Quik store and the provisions quoted above indicate that Triple K reserved some control over the operation of the store. Plaintiff contends that this control is sufficient for Meaux, Hammons, and Hebert to be considered employees of Triple K. Triple K contends that the provisions are meant only to protect the Trip-L-Quik trade name and to assure that the franchise fees are properly paid.
The matter of the control exercised by Triple K can be resolved only through a determination of the intent of the parties to the agreement. Summary judgment is seldom appropriate when there is a question of what was intended by certain *48 provisions of a contract. Nettles v. Bowlin, 386 So.2d 658 (La.App. 1st Cir. 1980), appeal after remand, 417 So.2d 1192 (La.App. 1st Cir.1982). We find that this is not an appropriate case for summary judgment. See Hinton v. Western Casualty and Surety Company, et al, 435 So.2d 568 (La. App. 3rd Cir.1983).
In any event, we find that plaintiff's allegations of independent negligence on the part of Triple K preclude summary judgment in its favor. The documents in support of Triple K's motion for summary judgment contain only a denial of negligence. They do not sufficiently resolve all factual issues so that Chargois would have the burden to present evidence showing material facts were still at issue.
For the above reasons, the judgment of the trial court granting the motion for summary judgment is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The Triple K Corporation was erroneously referred to in the original petition as the Trip-L-Quik Corporation. The correct name of the corporation was given in plaintiff's first amending and supplemental petition. The corporation will hereafter be referred to as Triple K.