560 So.2d 103 (1990)
KEN'S CONSTRUCTION COMPANY, INC., Plaintiff-Appellee,
v.
Henry R. LILES, Defendant-Appellant.
No. 88-1159.
Court of Appeal of Louisiana, Third Circuit.
April 18, 1990.
*104 Brame, Bergstedt, Joe A. Brame, Lake Charles, for plaintiff-appellee.
Tynes, Fraser, Maurice Tynes, Lake Charles, for defendant-appellant.
Before GUIDRY, DOUCET and KING, JJ.
GUIDRY, Judge.
In this dispute over a construction contract, defendant, Henry R. Liles, and Mrs. Liles, intervenor, appeal a judgment of the trial court awarding plaintiff, Ken's Construction Company, Inc. (hereafter Ken's), $8,993.49 which the trial court found was the balance owed on the contract. Ken's answers the appeal seeking interest on the award as prescribed by La.C.C. art. 2000, which the trial court allegedly refused to award.
On July 31, 1985, Ken's through David Kenneth Blackwell, its owner, submitted a bid of $55,300.00 for some renovation and addition work to the Liles' home in Lake Charles, Louisiana. Thereafter, Blackwell met with Mr. and Mrs. Liles to discuss his bid. During that meeting "cost plus" and "cost plus with a cap/ceiling" contracts were discussed. The parties finally reached an oral agreement: Ken's would do the work as indicated on a set of architectural plans provided by Liles on a cost plus ten percent (10%) for overhead and an additional ten percent (10%) for profit basis with a cap of $55,300.00.
The morning Ken's was to begin the work, Blackwell, two of his workers, Keith Peet and Bobby Carrier, and the defendant met briefly in front of the Liles' residence. At that time, Liles informed Blackwell that there was some additional work which he and his wife would like done and that he wanted to go cost plus. Blackwell, Peet and Carrier all testified that Liles indicated he wanted to go straight "cost plus" on the entire job. Liles, on the other hand, maintained he meant that any additional work not reflected on the plans should be done on a cost plus basis, but that their original agreement, cost plus with a $55,300.00 cap, was not affected. Liles, an attorney, concluded the meeting stating that he would prepare a written contract reflecting their agreement. Unfortunately, this was never done.
Work was completed on the project January 10, 1986, and on January 16, 1986, Blackwell, Peet, Les Guidry, the painter on the job, and Mr. and Mrs. Liles met to go over the job and the final two statements of charges aggregating $30,439.32. During this meeting, it was discovered that Liles had inadvertently been charged for $1,260.00 of deletions and $1,083.43 for paint which he had purchased directly. Ken Blackwell corrected the final billing to $28,095.89. Liles indicated that he was satisfied with everything and stated that he would pay Ken's what was owed on the following Monday.
After several unsuccessful attempts to collect, on February 14, 1986, Ken's filed suit and a notice of lis pendens. The lis pendens was cancelled as being filed in error on February 27, 1986. Liles paid Ken's $19,102.40 on March 10, 1986. Ken's then amended its petition to a demand for $8,993.49. Liles reconvened and Mrs. Liles intervened claiming damages for delay in the construction, the improper filing of the notice of lis pendens and defects in the construction work.
The trial court granted judgment in favor of plaintiff for $8,993.49 plus interest from the date of judicial demand. The trial court rejected Liles' reconventional demand and Mrs. Liles' intervention.
*105 Appellant contends that the trial judge erred in finding that plaintiff proved its case; in not fixing expert witness fees for Victor Pickeloup, their construction expert; and, in not taxing all costs to plaintiff. Plaintiff answered the appeal seeking damages as prescribed by La.C.C. art. 2000.
In his reasons for judgment, the trial judge observed:
"The manner in which extra work was added by defendant's wife, without discussion as to the expenses, together with a consideration of all the testimony and evidence, convinces the court there was not an agreement that a certain sum not be exceeded.
Defendant and his wife had the right to supervision and control over the work in progress. They had the privilege of and did subcontract out some of the work and bought some of the materials at their own costs. Plaintiff did not request payment for any profit on those costs.
There is not a showing that plaintiff's claim in fact exceeds his own cost plus 10% plus 10%. Defendant's claim that the progress of the work was slower than it should have been, which made the labor costs greater, does not relieve him of his right to have engaged others at any time to complete the work to his satisfaction. He and his family lived in the house during the remodeling and had the opportunity to examine the quality and quantity of the work each day. Defendant is a very capable attorney and has practiced law in this city for many years. He has tried contract cases in this court on other occasions and it surely cannot be said that he was unaware of his legal rights to control the work as it progressed.
Defendant has reconvened herein for the cost of correcting some of the work done by plaintiff. Considering the foregoing findings of fact, no recovery thereon is possible.
Judgment will be granted on behalf of plaintiff and against defendant in the sum of $8,993.49, together with judicial interest from the date of filing suit, February 14, 1986, until paid, and for all costs of this proceeding.
Defendant presented an expert witness of his own choosing at trial and the court has been requested to fix witness fees for him. Since the costs herein are taxed to defendant this would serve no purpose."
Appellants principally argue that the evidence does not support the trial court's judgment. We disagree. The record is replete with invoices billing Ken's for both labor and material. Those invoices were then summarized by Ken Blackwell on the bills submitted to Liles. The record supports the trial court's conclusion that there was no agreement that a certain sum not be exceeded. Further, the record makes clear that the amount billed to Liles did not exceed Ken's cost of labor and materials plus 10% plus 10%.
The trial court obviously gave little weight to the testimony of defendant's expert witness, Victor Picheloup, who acknowledged that he prepared his estimate of costs on an admitted incomplete list of "extras" prepared by the lead carpenter, Keith Peet, and by comparing the plans with his observations on a walk through of defendant's home.
The principal issue on appeal is factual and should not be disturbed absent a finding of clear error. We find no clear or manifest error.
We find no error in the trial court's refusal to fix an expert witness fee for Picheloup, inasmuch as he was defendant's expert and defendant was cast with all costs at the trial level.
The trial court judgment awards plaintiff interest on the amount of judgment from February 14, 1986, the date of judicial demand. In its petition, plaintiff prayed for damages in the amount of 12% per annum from the date the balance on the contract was due, i.e., January 10, 1986, as provided for by La.C.C. art. 2000 and for legal interest from date of judicial demand on both the principal amount and the damages. Appellee, in answer to this appeal, urges error in the trial court's failure *106 to award damages (12% × $8993.49 from January 10, 1986) in addition to legal interest on the principal amount and the damages from date of judicial demand. We amend the trial court's judgment so as to award interest at the rate of 12% per annum on the principal amount due from January 10, 1986 and in other respects affirm the trial court's judgment.
La.C.C.P. art. 1921 allows an award of interest in the judgment "as prayed for or as provided by law". La.C.C. art. 2000, as amended by Act 137 of 1985 effective July 3, 1985, provides in pertinent part as follows:
"When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of twelve percent per annum. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more...."[1]
We do not construe the provisions of the cited articles as allowing plaintiff an award of 12% on the principal amount from the date it was due plus judicial interest on both sums from date of judicial demand. In our view, where a demand is for money due and unpaid, C.C. art. 2000 simply permits the award of interest under C.C.P. art. 1921 from the time it is due, rather than from the date of judicial demand. As stated by our brethren of the Fourth Circuit in National Roofing & Siding Co. v. Gros, 433 So.2d 403 (La.App. 4th Cir.1983), at page 405:
"In an action on a building contract, interest is recoverable from the time the debt becomes due unless otherwise stipulated. See LSA-C.C. Art. 1938; LSA-CCP Art. 1921; Calhoun v. Louisiana Materials Co., 206 So.2d 147 (La.App. 4th Cir.1968), writ refused, 251 La. 1050, 208 So.2d 324 (1968); Teledyne Movible Offshore v. C & K Offshore, 376 So.2d 357 (La.App. 3rd Cir.1979)."
In National Roofing, the appellate court concluded that the contractual debt became due upon the date of substantial completion of the building construction and awarded judicial interest from that date. We do likewise in the case sub judice concluding from the record that the substantial completion date was January 10, 1986.
Accordingly, the judgment of the trial court is amended and recast as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, KEN'S CONSTRUCTION COMPANY, INC., and against the defendant, HENRY R. LILES, in the sum of EIGHT THOUSAND NINE HUNDRED NINETY-THREE AND 49/100 ($8,993.49) DOLLARS, together with interest at the rate of 12% per annum from the 10th day of January, 1986, until paid and for all costs of this proceeding."
In all other respects, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED AS AMENDED.
NOTES
[1] La.C.C. art. 2000 was amended by Act 883 of 1987 and now provides for damages measured by interest as fixed by La.C.C. art. 2924.