602 So.2d 219 (1992)
Adeline Strohe KING, et al., Plaintiffs-Appellants,
v.
Richard W. STROHE, et al., Defendants-Appellees.
No. 91-60.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
Rehearing Denied August 13, 1992.
Hollier & Ringuet, W.C. Hollier, William H. Collier, and Kerry A. Kilburn, Lafayette, for King.
Romero & Romero, Clarence E. Romero, Welsh, for Strohe.
Strain, Dennis, Ellis, Mayhall & Bates, Howell A. Dennis, Jr., Lafayette, for Whitson Group.
Liskow & Lewis, John W. Wilson, Lambert Laperouse, Stelvia Walter, New Orleans, for Union Tex Petroleum.
Daniel C. Hughes, Lafayette, for Minter.
Gordon, Arata, McCollam & Duplantis, John A. Gordon, Loulan Pitre, Jr., Margaret Sullivan, New Orleans, Ottinger & Gates, Mark Sikes, Lafayette, for Denora.
Before LABORDE and KNOLL, JJ., and MARCANTEL, J. Pro Tem.[*]
BERNARD M. MARCANTEL, Judge Pro Tem.
The issue presented by this appeal is whether the trial judge was correct in *220 granting defendants' motions for summary judgment.
On September 2, 1965, plaintiff, Adeline Strohe King (hereinafter Ms. King), entered into an Act of Exchange with Richard W. Strohe, Cecily D. Strohe Morgan, Thomas W. Strohe, Rhetta S. Duey, and Bonita S. Cabico (hereinafter collectively referred to as the Strohe Group), whereby interests inherited by Ms. King and the Strohe Group in several noncontiguous tracts of land located in Jefferson Davis Parish were exchanged and divided among the parties.
Ms. King transferred to the Strohe Group all of her undivided interest in the West Half of Section Fourteen, Township Ten South, Range Four West, less and except a 13.43 acre tract of land in the Southwest corner presently leased to Union Texas Petroleum Corporation; the Northwest Quarter of Southeast Quarter, Section Fourteen, Township Ten South, Range Four West; the East Half of Section Fifteen, Township Ten South, Range Four West, and other property that is not involved in this action.
The Strohe Group transferred to Ms. King all of their interest in the South Half of Section Ten, Township Ten South, Range Four West, less one acre in the Northwest corner; the West Half of the Northeast Quarter of Section Fourteen, Township Ten South, Range Four West.
Both Ms. King and the Strohe Group transferred the above property "less and except their interest in and to all irrigation wells, canals, laterals and other irrigation channels existing on said lands." They also reserved "all of the oil, gas and other minerals in and to their undivided interest in said lands."
On April 11, 1977 and July 3, 1979, Ms. King conveyed to Robert Carey King one-half of her undivided oil, gas and mineral royalty interest in, among other lands, the land named in the Act of Exchange.
Summit Land and Abstract, Inc. is the holder and owner of an oil and gas lease granted by Ms. King on the following property:
South Half of the Southeast Quarter of Section 15, Township 10 South, Range 4 West, lying West of the drainage ditch which traverses the property in a North/ South direction, containing 37 acres, more or less. (Hereinafter referred to as the disputed tract.)
On February 5, 1990, Ms. King, Robert Carey King and Summit Land and Abstract, Inc. (hereinafter plaintiffs) filed a petition for recognition as owners of mineral rights and for an accounting against defendants, the Strohe Group, the DeNovo Group, and the Whitson Group. Defendants answered denying that they were liable to plaintiffs. On September 12, 1990, the DeNovo Group and the Whitson Group filed a joint motion for summary judgment. On September 20, 1990, Frank P. Danna, Jules A. Rousseau and Richard A. Sikes, defendants who were part of the DeNovo Group, also filed a joint motion for summary judgment.
A hearing on the motions were held on October 23, 1990, and, on October 30, 1990, a formal written judgment was signed granting defendants' motions for summary judgment.
On November 14, 1990, Union Texas Petroleum Corporation (hereinafter Union Texas), a member of the DeNovo Group, filed a motion for summary judgment. A formal written judgment was signed on December 11, 1990, granting Union Texas' motion for summary judgment.
It is from these judgments that plaintiffs have appealed.

LAW
Plaintiffs claim that the trial judge was incorrect in granting defendants' motions for summary judgment. We agree.
Defendants asserted in their motions for summary judgment that there was no genuine issue as to material fact concerning the rights of plaintiffs to any mineral interest in and to the disputed tract.
"A motion for summary judgment should be granted only if `... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *221 there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.' LSA-C.C.P. art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La. 1976), writ denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted, and any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits. Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir.1980). The likelihood that a party will be unable to prove his allegations upon trial on the merits does not constitute a basis for rendering a summary judgment. Teledyne Movible Offshore, Inc. v. C & K Offshore Company, 376 So.2d 357 (La.App. 3rd Cir.1979).
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence that material facts are still at issue, and only at this point may he no longer rest on the allegations and denials contained in his pleadings. Begnaud v. Pedestal Crane, Inc., 408 So.2d 24 (La.App. 3rd Cir. 1981)."
Chargois v. Trip-L-Quik, 441 So.2d 45, at pages 46-47 (La.App. 3 Cir.1983).
We have for consideration in this case the pleadings, the Act of Exchange between Ms. King and the Strohe Group, and affidavits by Ervin Trahan, acting Sheriff and Ex-Officio Tax Collector for Jefferson Davis Parish, Louisiana, Curtis Hanks, Tax Assessor for Jefferson Davis Parish, Louisiana, Richard Strohe, Ms. King, the Strohe Group, and Clarence Romero. The assertions contained in the affidavits by the tax officials state that the Strohe Group has never been assessed taxes for any part of the S/2 of Section 10. They also state that Ms. King has never been assessed taxes for any part of the E/2 of Section 15 and the W/2 of Section 14. Richard Strohe asserts in his affidavit that the crop allotments in the E/2 of Section 15 and the W/2 of Section 14 from the various irrigation canals, laterals and other channels that were covered or filled and returned to cultivation were credited to the Strohe Group. Ms. King received credit from the crop allotments of all the cultivation in the S/2 of Section 10. After reviewing these supporting documents, we find that a genuine issue of material fact does exist, and the motions for summary judgment were improperly granted.
This court finds that the contract entered into between the parties is ambiguous by the following clause:
"... less and except their interest in and to all irrigation wells, canals, laterals and other irrigation channels existing on said lands." (Emphasis supplied.)
The trial judge concluded that this clause in the contract clearly excepted from this agreement the fee interest owned by Ms. King in the irrigation canal and the remainder of the irrigation system in the property that she exchanged. The trial judge found that, therefore, the mineral servitude reserved by Ms. King on the disputed tract prescribed by virtue of ten years nonuse since a reservation of a fee ownership interest created noncontiguous tracts which resulted in several mineral servitudes pursuant to La.R.S. 31:64.
This court finds that the phrase "existing on said lands" could be construed as a reservation of a servitude in and to all irrigation wells, canals, laterals and other channels. This is especially true since La. C.C. art. 646 defines a predial servitude as a charge on a servient estate for the benefit of a dominant estate. In the present case, the parties to the Act of Exchange were exchanging rice farm lands which required the benefit of an irrigation system. Therefore, this clause is ambiguous.
The matter of whether the contract reserved a fee ownership interest or a servitude in the irrigation canals, laterals and channels can be resolved only through a determination of the intent of the parties *222 to the exchange. La.C.C. art. 2045. Summary judgment is seldom appropriate where there is a question of what was intended by certain provisions of a contract. Chargois v. Trip-L-Quik, supra.
For the above reasons, the judgment of the trial court, granting defendants' motions for summary judgment, is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to defendants-appellees.
REVERSED AND REMANDED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.