JjDECUIR, Judge.
This is an appeal by Donnie and Donna Robin from the granting of a motion for summary judgment in favor of the State of Louisiana, through the Department of Transportation and Development.
Mr. and Mrs. Robin filed a suit for damages as a result of injuries sustained on September 29, 1992. Plaintiffs allege that immediately prior to the accident, Mr. Robin was operating his vehicle in a westerly direction in the left-hand lane of Interstate Highway 10 near its intersection with the off-ramp for the Rayne exit in Acadia Parish. At the same time, state-owned vehicles were also traveling westerly in the left lane of I-10, engaged in re-striping the surface of said highway. Several vehicles were traveling ahead of plaintiffs vehicle and behind the state-owned vehicles. Plaintiffs’ petition alleges and Mr. Robin testified in deposition, that immediately prior |2to the accident the state-owned vehicles were either stopped or proceeding very slowly, with no warning devices displayed, causing the drivers of the vehicles ahead of plaintiffs vehicle to engage emergency brakes and veer off into the median. In an effort to avoid a collision, Mr. Robin was also forced to apply his brakes and veer into the median. Mr. Robin testified that while braking, he was jolted and struck in the head, neck, and back by boxes *680 containing office supplies located in the back of his vehicle. It is undisputed that plaintiffs vehicle did not collide or come into contact with any other vehicle. Mr. Robin contends his injuries were caused by the negligence of the state in creating a hazardous situation and in failing to properly and adequately warn motorists of the hazardous condition or obstruction to traffic created by the state-owned vehicles.
The state filed a motion for summary judgment apparently based on the grounds that there was no collision with any vehicle and that plaintiff was injured when he was struck by objects placed in the vehicle by the plaintiff. The state argues that whatever hazard the state may have created, Mr. Robin avoided, and the only duty breached was Mr. Robin’s duty to himself to not place boxes that could project forward and strike him when forced to apply his brakes.
The trial court found there were no material issues of fact to be determined and found as a matter of law that the state was not negligent in causing plaintiffs injuries. We note the trial judge’s statement in his written reasons that: “Apparently, the vehicle leading the line of cars in which Mr. Robin was driving failed to see the warning truck in sufficient time to change into the right-hand lane and go around the striping crew.” In written reasons, the trial court further stated:
The plaintiffs vehicle was never struck nor struck anything but merely stopped quickly in a line of traffic. The items that allegedly caused the plaintiffs damages were boxes that were unsecured in the plaintiffs own vehicle. Under these facts, the court finds that there is no liability on the part of the State in causing the plaintiffs alleged injuries.
| a A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Chargois v. Trip-L-Quik, 441 So.2d 46 (La.App. 3d Cir. 1983); Hammer v. City of Lafayette, 602 So.2d 301 (La.App. 3d Cir.1987).
Whether the state owed a duty to plaintiffs, whether the state violated a duty owed to plaintiffs, and whether the state vehicles exhibited proper and adequate warning devices or signs clearly are material issues of fact to be determined on the merits. Furthermore, Mr. Robin alleges that his injuries were caused not only when he was struck by the boxes in his vehicle, but also as a result of being thrown forward when he was required to come to an abrupt stop. Our review of the record reflects that there do exist material issues of fact precluding summary judgment. The judgment of the trial court is therefore reversed and this matter is remanded to the trial court for further proceedings.
Costs of appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.