Dear Mr. Olsen:
You have requested the opinion of this office concerning the practice of companies who sell goods on consignment to dealers who then sell the goods door-to-door. This request has been forwarded to me for research and reply.
Your specific question is:
 "Can these dealers advertise the name and logo of the company and still be considered independent contractors?"
A determination of whether a dealer is an independent contractor or an employee of the company is important in that it dictates whether such dealers will be eligible for worker's compensation benefits.
An independent contractor is defined as:
 "Any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter".
La. R.S 23:1021(6) (1983 and Supp. 1987).
While this matter has not explicitly been taken up by the Louisiana Supreme Court, some Louisiana appellate courts have taken the view that advertising the name and logo of the company on the side of the dealer's truck is just one of several factors which must be taken into account in determining whether the dealer is an employee of the company or an independent contractor for purposes of Worker's Compensation benefits. Buettnerv. Polar Bar Ice Cream Co., 17 So.2d 486 (La.App. Orl. 1944). Samson v. Borden Co., 92 So.2d 152
(La.App. 1st Cir. 1957). Lyon v. Cobena, 391 So.2d 8
(La.App. 4th Cir. 1980).
However, one Louisiana appellate court has indicated that although it is only one factor to be considered, it is suggestive of the possibility of an employer-employee relationship.Hinton v. Western Cas. and Sur. Co., 435 So.2d 568
(La.App. 3 Cir. 1983), writ denied, 440 So.2d 761 (1983).
In addition, it has been held that advertising the name and logo of the company on the dealer's truck creates a presumption that the truck is owned by the company and is in its service, thus creating an employer-employee relationship. However, such presumption is not conclusive and may be rebutted.Richardson v. Joseph, 165 So.2d 321 (La.App. 2d Cir. 1964).
Therefore, advertising the name and logo of the company on the side of the dealer's truck is just one of several factors which will be taken into account by a court of law in determining whether the dealer is an employee or an independent contractor for purposes of Worker's Compensation benefits. Thus, a specific answer to your question presented is somewhat outside the scope of this opinion request.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ TAMERA R. VELASQUEZ Chief, Consumer Protection
TRV/yb