LOBRANO, Judge.
Defendant, Charles J. Pisano, appeals the trial court’s judgment which rendered him liable to plaintiff, Ashley Hall Interiors for sums due on open account, plus interest, and which also dismissed his reconventional demand. Ashley Hall Interiors answered the appeal seeking damages for frivolous appeal.
We affirm.
FACTS:
Mr. Pisano, an attorney in New Orleans, desired to remodel his law office. In May of 1982 he contacted Mr. Joseph Morrow of Ashley Hall Interiors, a interior design company, to supply their services for the project. A written agreement, signed on July 12, 1982, provided that Ashley Hall Interiors would “furnish and install all items described in this contract for the sum total of $15,394.93 plus applicable sales tax.” The items described in the contract were various pieces of furniture. The contract did not include any remodeling or construction work, nor did it include carpeting, draperies, wall coverings, or accessories. The remodeling work was performed by contractors hired directly by Mr. Pisano. Other items were to be delivered by Ashley Hall Interiors and invoiced at a later date.
The majority of the furniture included in the contract was delivered to Mr. Pisano’s office from July 1982 until December 1982. Carpeting, wall covering, and draperies, ordered separately, were also delivered by Ashley Hall, but installed by sub-contractors who were paid directly by Mr. Pisano. Numerous other office accessories were delivered and placed in the office by Ashley Hall. The final items were delivered in April 1983.
The July 12th contract called for a one-half deposit of $7,697.47, which Mr. Pisano paid on July 14, 1982. As the various pieces of furniture and accessories were delivered, invoices were sent to Mr. Pisano. They provided that the outstanding balance would be considered overdue if not paid 30 days from the billing date.
Ashley Hall Interiors initiated attempts in late 1982 to collect the overdue balance. Mr. Pisano made no payments at that time. Starting in January 1983, a service charge of 1½% per month was added to Mr. Pisa-no’s account. Ashley Hall Interiors received several promises of payment from Mr. Pisano. In July 1983 he made a partial payment of $1,000.00. Accompanying this payment was a note which stated “Joe, here is a small payment. I hope to have payment-in-full soon. Thanks for your patience. Chuck”. Another partial payment of $3,500.00 was sent in November 1983.
Ashley Hall Interiors continued to request payment of the outstanding balance. On November 24,1984 Mr. Pisano was sent a demand letter stating that the outstanding balance, plus service charges, was $15,-517.33. Copies of the invoices were attached to the letter. Mr. Pisano failed to respond to the demand letter.
On August 29, 1985, Ashley Hall Interiors filed this suit on open account. The petition requested payment of the principal balance and service charges totaling $15,-517.33, plus reasonable attorneys fees pursuant to La.R.S. 9:2781. The petition was *471 later amended to plead an alternative cause of action under contract.
Mr. Pisano answered the suit and filed a reconventional demand. He sought reimbursement for the costs of additional work and materials beyond the price quoted in the July 12th agreement, and damages for loss of income due to the delays in remodeling his office. He also sought treble damages, alleging unfair trade practices.
The trial court found that Ashley Hall Interior’s claim was one on open account, and held Mr. Pisano liable for the principal balance of $10,755.17. The judgment assessed legal interest from the date the debt was due, May 27, 1983, but recognized the payments made by Mr. Pisano. The principal balance due on May 27, 1983 was $15,-255.17. Interest on this amount was assessed from May 27, 1983 until the first payment in July 1983 of $1,000.00. Interest was then calculated on $14,255.17 from July 22, 1983 through November 16, 1983 when the second payment of $3,500.00 was paid. Interest was then assessed on $10,-775.17 from November 16, 1983. Mr. Pisa-no was taxed with all costs of the proceedings and his reconventional demand was dismissed with prejudice and costs. Ashley Hall Interiors was denied their request for attorneys fees.
Mr. Pisano filed this suspensive appeal and raises three errors. First, he asserts the court incorrectly found that the claim was on open account rather than on contract. Second, the court erred in its computation of interest. Third, the judge erred in dismissing the reconventional demand.
Ashley Hall Interiors answered the appeal requesting damages for frivolous appeal.
OPEN ACCOUNT
La.R.S. 9:2781(C) provides, in pertinent part:
“For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, ‘open account’ includes any account for which a part or all of the balance is past due, whether or not at the time of contracting the parties expected future transactions. ‘Open account’ shall include debts incurred for professional services, including, but not limited to, legal and medical services.”'
Pisano argues that the entire basis of Ashley Hall Interiors’ claim is predicated on the July 12, 1982 agreement, and therefore, the claim is not on open account. We disagree.
The July agreement provided only for the sale and delivery of certain items of furniture at a specific price. There, is nothing in that agreement to support Pisano’s argument. The subsequent items purchased and delivered were not included in that agreement, but were invoiced at the time of delivery. They do not constitute part of the July agreement, but were purchased by Pisano through oral requests.
Clearly, the transaction of July 12th, as well as the subsequent purchases by Pisa-no comprise open account transactions as defined by R.S. 9:2781(C). The fact that the initial purchase was made by a specific agreement does not preclude the total indebtedness from being an open account debt. See, Iberoamericano Advertising and Publishing Co. v. Schweikert, 464 So.2d 899 (La.App. 4th Cir.1985); Food and Services, Inc. v. SHRM Catering Services, Inc., 486 So.2d 290 (La.App. 3rd Cir.1986).
INTEREST COMPUTATION
Pisano claims the trial court erred in computing interest from May 27, 1983 instead of from date of judgment. The basis of his argument is that the claim for the items not included in the July 12th agreement (referred to as surplus items) is in the nature of quantum meruit and that interest on a quantum meruit claim does not begin to run until date of judgment.
We disagree for the reason that we have determined the claim of Ashley Hall to be one on open account. Civil Code Article 2000 provides in part:
“When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of twelve percent per annum.”
*472 The starting date of May 27, 1983 is thirty days after the final billing was sent to Pisano. The statement provides for payment within 30 days. The trial court’s computation of interest based on the subsequent principal reduction by Pisano prior to suit being filed is correct.
We find no error in the application of Article 2000, and the computation of interest by the trial judge.
RECONVENTIONAL DEMAND
Pisano, by reconventional demand, sought reimbursement for the costs expended by him for work and materials that were allegedly included in the July agreement. He also claims loss of income because of the delays in the renovation work.
The trial court rejected these claims, and we find no error in that finding.
The work which Pisano contracted for with others was clearly not included in any agreement with Ashley Hall Interiors. As previously noted, the July 12th agreement called for the delivery of certain items for a certain price. Anything over and above those specific items, whether purchased from Ashley Hall or others, was the responsibility of Pisano. His attempt to include all subcontracted renovation work in that July 12th agreement is incorrect. A review of the agreement, and the testimony of the parties clearly shows that was not the intent of the July agreement.
FRIVOLOUS APPEAL
“Before damages for a frivolous appeal lie, it must be manifest that the appeal was taken solely for delay or that appealing counsel does not sincerely believe in the view of law he advocates.” Sherman v. B & G Crane Service, 455 So.2d 1275, 1278 (La.App. 4th Cir.1984).
We find neither condition present in this case, and therefore deny the request for frivolous appeal damages.
AFFIRMED.