569 So.2d 209 (1990)
FIRST GUARANTY BANK
v.
PINEYWOOD PARTNERSHIP[1], et al.
No. CA 89 1153.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*210 Alton Lewis, Hammond, for plaintiff-appellee.
Arthur Boudreaux, Baton Rouge, for defendant Russell Maggio.
Joe A. Sims, Hammond, for Dr. Robert Lyon, appellant.
Earl Reynolds, Baton Rouge, for Dr. Clinton C. Aubert.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
This is an appeal from a deficiency judgment granted in favor of plaintiff, First Guaranty Bank. Defendants, Dr. Robert Lyon and Pineywood Partnership now appeal from this judgment.
On April 1, 1985, articles of partnership were executed by Mr. Paul Landry, Mr. Clinton Aubert, Mr. Russell Maggio and Dr. Robert Lyon, forming a partnership known as Pineywood Partnership. The articles provided that Paul Landry owned a forty (40%) percent interest in the partnership, with the three remaining partners owning twenty (20%) percent each. On April 19, 1985, Dr. Lyon executed a power of attorney granting Paul Landry the authority "to execute a continuing guaranty binding him [Lyon] solidarily for any and all obligations of the partnership".
Subsequently, the partnership purchased a condominium/apartment complex with the proceeds of a loan from First Guaranty Bank. In connection therewith, the partnership executed a collateral mortgage, a collateral mortgage note, a collateral pledge agreement and a borrowing agreement in favor of First Guaranty. Each of these documents was executed and signed by Paul Landry, Clinton Aubert and Russell Maggio as partners of Pineywood. Paul Landry signed these documents on Lyon's behalf in the alleged capacity of Lyon's "Agent/Attorney-in-fact". On the same date, Landry, Aubert and Maggio each executed a personal continuing guarantee of Pineywood's indebtedness to First Guaranty. In his capacity as an agent, *211 Landry also executed a continuing guarantee on behalf of Dr. Lyon.
Subsequently, Pineywood defaulted on its loan from First Guaranty and the condominium/apartment complex was seized and sold at sheriff's sale. Since the proceeds of this sale were insufficient to satisfy the amount outstanding, First Guaranty filed the present suit for deficiency judgment on July 21, 1986 against Pineywood Partnership and its partners. In response Dr. Lyon filed an answer and Pineywood filed several exceptions which were eventually dismissed. Pineywood did not file an answer initially.
Trial of this matter was held on February 16, 1989. At the beginning of trial, counsel for First Guaranty, noting that no affirmative defenses or allegations of fraud had been made in the defendants' answers, made a verbal motion to limit the testimony of defendants to matters pled in their answers. In response, the attorney representing both Pineywood and Dr. Lyon pointed out that he had raised affirmative defenses in "Supplemental and Amending" answers filed on behalf of those parties on December 5, 1988. Even though these answers each bore a certificate of service, the attorney for First Guaranty stated that he had not received copies of them.[2] Further, these answers did not include either the written consent of plaintiff or an order granting leave of court allowing them to be filed as required by La.C.C.P. art. 1151.
After consideration of these factors, the trial court ruled that these supplemental and amending answers would not be allowed and that evidence would not be admitted relevant to the allegations contained therein. However, the court stated that a proffer of any such evidence would be permitted and two such proffers were in fact made by defense counsel during the trial.
At the time of the court's ruling, both the court and the parties were under the misapprehension that an original answer had been filed on behalf of Pineywood prior to the filing of the "supplemental" answer on December 5, 1988. However, it was discovered later in the trial that no other answer had been filed by Pineywood prior to the one filed on December 5, 1988. Nevertheless, the trial court reiterated that this answer would not be allowed.
At the conclusion of trial, the court initially stated that it would render a preliminary default judgment against Pineywood. However, the court then changed its earlier ruling and stated that the answer filed on December 5, 1988 by Pineywood should be allowed for the purpose of allowing a deficiency judgment to be rendered immediately against Pineywood. The court also rendered judgment against Dr. Lyon for the deficiency. Both Pineywood and Dr. Lyon have appealed.

ISSUES
Dr. Lyon argues the trial court erred in the following respects: (1) in interpreting Landry's authority under the power of attorney given by Dr. Lyon; (2) in finding two-thirds (2/3) of the partners consented to the mortgage and the partnership debt as required by the articles of partnership; and (3) in not allowing consideration of his supplemental and amending answer or any evidence relating thereto. Pineywood contends the trial court erred "in awarding a judgment against ... [it] after denying the filing of its answer and with no preliminary default having been filed, or in the alternative, since after the trial was over it counted the supplemental and amending answer as an original answer ... [without] allowing Pineywood Partnership to present any evidence in support of its answer."

PINEYWOOD PARTNERSHIP'S APPEAL
Although the trial court initially ruled the answer filed by Pineywood on December 5, 1988, would not be allowed, toward the end of the trial the court changed its ruling and allowed consideration of this answer, permitting the immediate rendition of judgment against Pineywood. *212 This latter ruling was correct. Although the answer in question was captioned as a "Supplemental & Amending Answer", it was in fact an original answer since no other answer had previously been filed by Pineywood. It is well-established that pleadings should be construed for what they are, rather than for what they are erroneously designated. Acadiana Bank v. Hayes, 498 So.2d 275 (La.App. 1st Cir.1986). Under La.C.C.P. art. 1002, a defendant may file his answer "at any time prior to the confirmation of a default judgment against him". Thus, since no leave of court was required and the trial court could not properly disallow the filing of this answer, the court was correct when it changed its earlier ruling and allowed the answer.
Nevertheless, the trial court erred in not allowing, based on its earlier erroneous ruling, the introduction during trial of evidence relative to the allegations in this answer. However, the court did allow the proffer of this testimony and it is in the record now before us. After thoroughly reviewing this evidence, which relates to allegations of bad faith and misrepresentation on the part of First Guaranty, we conclude that its exclusion constituted harmless error since it falls far short of meeting the burden necessary to establish the affirmative defenses urged by Pineywood. Thus, although the exclusion of this evidence was erroneous, Pineywood did not suffer any prejudice therefrom. Accordingly, we affirm the judgment rendered against Pineywood by the trial court.

DR. LYON'S APPEAL
Dr. Lyon contends on appeal that the trial court erred in concluding Pineywood owed a valid partnership obligation to First Guaranty. He correctly notes that the continuing guarantee executed in favor of First Guaranty on his behalf by Mr. Landry was pursuant to a power of attorney which authorized Landry to execute a guarantee binding Lyon only for "obligations of the partnership". He maintains that the loan and mortgage in favor of First Guaranty, in connection with which this continuing guarantee was given, was not properly confected and thus not a valid partnership obligation because it was not signed by partners owning at least two-third's interest in Pineywood's profits and losses as required by Article 5.4 of its articles of partnership.
Initially, we observe that in determining whether the mortgage and note were signed by the requisite number of partners, Mr. Landry's signing of these documents on behalf of Lyon can not be counted since, as Lyon contends herein, the power of attorney he gave Landry clearly did not authorize the execution of these acts on his behalf. Nevertheless, based on the percentages of ownership indicated in the articles of partnership, Dr. Lyon's position appears to be totally meritless. The sale, mortgage and note in question were each signed by Paul Landry, Clinton Aubert and Russell Maggio, who according to the percentages stated in the articles owned a total of eighty (80%) percent of the partnership, well in excess of the two-third's required.
However, Dr. Lyon asserts that there was actually another partner, Tony Auzenne, not listed in the articles, of which fact First Guaranty was aware so that it could not rely on the percentages of ownership stated in the articles. At trial, Henry Schexnayder, the bank officer who handled Pineywood's loan testified that, although Auzenne attended some of the meetings held on this matter, he had no information indicating Auzenne was a partner in Pineywood. Further, Auzenne was not listed as a partner in any of the documents executed in connection with the loan from First Guaranty to Pineywood. The primary evidence Dr. Lyon relies on in support of his argument is the testimony of Mr. Landry that Auzenne was a partner in Pineywood and the fact that, when Pineywood defaulted on the loan, the bank sent a demand letter to Auzenne for the balance due on the loan, as it did to the named partners.
The record clearly reflects that the trial court rejected Lyon's contention that Auzenne was a partner in Pineywood. Initially, we observe that the fact that a demand *213 letter was sent to Auzenne by First Guaranty after the loan went into default is in itself clearly insufficient to establish that Auzenne was an additional partner. It should be noted that at the time this letter was sent Mr. Schexnayder was no longer with the bank and another officer, who had not originally been involved in the transaction, was handling the matter. Further, the trial court, which actually observed the witnesses and thus was in a superior position to judge their credibility, indicated it was not impressed with Mr. Landry.
Given the great weight which must be accorded to the trial court's credibility determinations and factual findings and, considering the totality of the evidence, we find no manifest error in its conclusion that the documents in question were signed by partners owning eighty (80%) percent of Pineywood, thus meeting the requirements of Article 5.4. This assignment of error is without merit.
Dr. Lyon also argues herein that the trial court erred in refusing to grant him leave to file his "supplemental and amending" answer. We do not agree, finding no abuse of discretion in the trial court's ruling.
Under La.C.C.P. 1151 a defendant may amend his answer once within ten days after it has been served. In all other instances an answer can be amended only by leave of court or by written consent of the opposing party. La.C.C.P. 1151. The decision as to whether to grant leave to amend an answer is within the sound discretion of the trial court and will not be disturbed except where a manifest abuse of discretion has occurred and indicates a possibility of resulting injustice. Carter v. Safeco, Ins. Co., 435 So.2d 1076 (La.App. 1st Cir.1983); Strecker v. Credico Financial, Inc., 444 So.2d 783 (La.App. 4th Cir. 1984).
In this case, Dr. Lyon's amended answer was not filed until December 5, 1988, over two years after plaintiff's petition was filed and over a year after Lyon's original answer was filed. Further, it was filed only one day before trial was scheduled to begin, although the trial was subsequently continued. Additionally, although there was a certificate of service included on the answer, plaintiff's counsel stated at trial that he had never received a copy of this amended answer. Under these circumstances, we find no abuse of discretion in the trial court's refusal to grant Dr. Lyon leave to amend his answer.
For the above reason, the judgment of the trial court is affirmed. Appellants are to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The partnership is referred to as "Pineywoods Partnership" at numerous places in the record. However, since it is designated as "Pineywood Partnership" in the Articles of Partnership, we will refer to it as such herein.
[2] However, these certificates were incomplete, failing to indicate a specific date on which a copy of the pleading was mailed to opposing counsel, instead indicating only a month and a year.