589 So.2d 31 (1991)
JACOBS CHIROPRACTIC CLINIC
v.
W. Wayne HOLLOWAY.
No. CA 90 1054.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Dale Branch, Bogalusa, for plaintiff-appellee.
H. Book Hopkins, Slidell, for defendant-appellant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
*32 LeBLANC, Judge.
Plaintiff, Jacobs Chiropractic Clinic, filed suit on an open account against defendant, W. Wayne Holloway, to recover amounts allegedly due for chiropractic treatment that defendant received at the clinic. Plaintiff alleged that defendant's outstanding debt is $1,016.00, plus interest. In his answer, Holloway stated that although he "may owe the plaintiff something, defendant does not believe that he owes the plaintiff the full sum of $1,016.00". Judgment was rendered in favor of Jacobs Chiropractic Clinic in the amount of $962.00, with legal interest from date of judicial demand until paid. Defendant appeals the trial court judgment. We affirm.
After being involved in an automobile accident, Mr. Holloway received chiropractic treatments from James W. Jacobs, D.C., at Jacobs Chiropractic Clinic during the period of January 22, 1988 through May 2, 1988. On the date of his first treatment, Mr. Holloway executed an assignment of payment which authorized his attorney to make payment for services rendered directly to Dr. Jacobs out of any settlement proceeds received on Holloway's behalf. The agreement also stated that Holloway was responsible for charges not paid for by his attorney or insurance carrier.
Mr. Holloway received various types of treatment at the clinic on twenty different occasions. On each occasion, Holloway was given a receipt on which treatment codes were marked. He handed the receipt to the receptionist prior to leaving the clinic but did not ask what the charges were for each treatment. According to Holloway, payment was not demanded of him after each visit since he had accident insurance. Holloway testified that he did not receive monthly bills during the period of time in which he was treated by Dr. Jacobs.
During the summer of 1988, Holloway settled the personal injury claims arising out of his automobile accident. Upon hearing of the settlement in November of 1988, Dr. Jacobs phoned Holloway seeking payment of Holloway's account which had a balance of $1316.00 at the end of May 1988. Holloway responded by letter during November, explaining to Dr. Jacobs that he was unable to send full payment of the chiropractic bill because he had received such a small insurance settlement. He enclosed a $200.00 payment and stated that he hoped to have the balance of the bill paid within thirty days. He further stated that if he was unable to pay the balance within that time, he planned to make a substantial monthly payment until the account was settled. Within this letter, Holloway questioned a $40.00 charge on the chiropractic bill. In closing, Holloway stated, "I will be in to see you within thirty days, schedule permitting, or I will have full/partial payment to you again."
The $200.00 payment was credited to Holloway's account, leaving a balance of $1,116.00. No further payments were made by Holloway as of March 1, 1989, and Jacobs Chiropractic Clinic sent a letter to Holloway on that date, demanding payment of the delinquent account. Holloway responded with a letter which stated, "even though these charges, compared to my previous charges, show a twenty-to-thirty per cent overcharge, I'll assure you it doesn't have to be paid to an attourney (sic) for collection fees.... Please find enclosed my personal check in the amount of $50.00, and if it is agreeable with you I will send another check for fifty on the first of every month, beginning with April 1989."
Holloway apparently made two $50.00 payments on the account prior to the time that Jacobs Chiropractic Clinic filed suit to recover a $1016.00 balance. Holloway explained that his last $50.00 payment was rejected by Dr. Jacobs.
Defendant answered the suit and filed a request for production of documents which requested that plaintiff provide, among other information, copies of all treatment records of the defendant, ledgers and journals of the defendant's account, statements and invoices addressed to the defendant and schedules of fees and costs, as they relate to charges of the defendant. Plaintiff responded to this request by producing the requested documents for the years 1988 and 1989. Defense counsel was not *33 satisfied with this production since he was also interested in obtaining the clinic's records pertaining to Holloway for years prior to 1988. Defense counsel filed a rule to compel production of documents which was set for hearing on January 8, 1990. Trial on the merits of this matter was also set for that date. According to defendant's brief, the documents which were requested by defendant were provided by plaintiff's counsel and received by defense counsel a few days subsequent to December 8, 1990, the date on which plaintiff's counsel mailed the requested materials.
On January 8, 1990, the trial court heard argument regarding the rule to compel. Although defense counsel acknowledged receipt of the requested materials in approximately mid-December, he contended that he was not prepared for trial because he had not had time to discuss these materials with defendant due to defendant's illness. Defense counsel also asserted that he did not know if he had all pertinent documents because he had not even opened the envelope of documents provided to him by plaintiff's counsel. Due to these circumstances, defense counsel made an oral motion for a continuance in open court on January 8, 1990. Defendant was not present in court on that date, allegedly due to illness.
The trial court denied the motion for a continuance because the motion was not in writing as required by Rule XII of the Rules of the Twenty-Second Judicial District Court. The trial court also denied defendant's motion to compel, finding that the request for production of documents had been satisfied by plaintiff's tender of the documents for the years of 1988 and 1989. The court further stated that all of the records that were requested by defendant, although perhaps not pertinent to the trial of this matter, were provided in plaintiff's second tender of information to defense counsel and that defense counsel had failed to review these materials although he had ample opportunity to do so prior to the trial date.
Accordingly, the trial court allowed the matter to proceed to trial. Plaintiff put forth the testimony of its bookkeeper, Janie Cutrer, who identified Holloway's itemized statement of account which she had prepared. Cutrer explained that Holloway had received chiropractic treatments on several dates between January 22, 1988 and May 2, 1988. After each treatment, Dr. Jacobs would mark the treatment codes according to the services provided to Holloway and Cutrer would post charges to Holloway's account according to a fee schedule which had been established by Dr. Jacobs. Cutrer stated that all patients are charged in the same manner, according to the fee schedule. Cutrer further stated that Holloway's itemized statement of account reflected all charges and payments made by Holloway and that the balance on the account was $1016.00.
Following Cutrer's testimony, the trial court held the matter open to allow defense counsel to put forth the testimony of Holloway, who was not present on the first day of trial. The trial resumed on January 10, 1990 with Holloway's testimony. He testified that he did receive chiropractic treatment from Dr. Jacobs at the clinic between the dates of January 22, 1988 and May 2, 1988, and more specifically that he received some type of treatment on each of the dates shown on the itemized bill. Although the itemized bill reflected that Holloway received two or more different types of treatment on certain dates, Holloway stated that on some of these dates, he did not receive all of the treatments that were shown on the statement. According to the itemized bill, Holloway had received two ultrasound treatments on one visit. Holloway stated that he did not remember receiving the ultrasound treatment more than once on any particular visit. Holloway also testified that he had not paid attention to the charges for his chiropractic treatments but that when he did receive a bill, he found the charges to be thirty to forty percent higher than what he had paid for treatments by Dr. Jacobs in previous years. Holloway testified that although he could not afford to pay Dr. Jacobs in one lump sum, he intended to pay Dr. Jacobs on a monthly basis and would not have questioned *34 Dr. Jacobs' bill had Jacobs been willing to accept the monthly payment.
The trial court made the following oral findings:
[Defendant] does dispute whether or not there was some increase in the fees, but he does not dispute the fact that he intended to pay it. That intent on his part, plus the payment of the two hundred dollars, plus the payment of the fifty dollars a month acts as a tacit confirmation and voluntary performance recognizing the obligation under contract.
The trial court further found that two charges on the itemized bill of $52.00 each were excessive and reduced each of the charges to $25.00. A written judgment was signed, in accordance with the oral reasons, in favor of plaintiff in the amount of $962.00.
Defendant appeals the trial court's judgment raising the following assignments of error:
1. The trial court erred in failing to grant defense counsel's request for a continuance.
2. The trial court erred in finding that defendant had confirmed the debt owed on the open account, within the meaning of La.C.C. art. 1842.
With respect to the first assignment of error, defendant argues that he requested a continuance in an attempt to obtain or organize evidence regarding charges for chiropractic treatments rendered prior to the 1988 treatments in order to establish that the 1988 charges were excessive. Since the trial court denied the continuance, defense counsel claims that he was not afforded a sufficient opportunity to review the itemized statements which had been provided to him by plaintiff's counsel. Defendant contends that the trial court erred in not granting a continuance based on La.C.C.P. arts. 1601 and 1602.
Section 2 of Rule XII of the Rules of the Twenty-Second Judicial District Court provides, "[e]very motion for a continuance shall be in writing and shall state the cause therefor." Therefore, the trial court correctly denied defense counsel's motion for a continuance since it was not in writing. Furthermore, notwithstanding this particular court rule, we find a continuance was not mandated by La.C.C.P. art. 1602; defense counsel did not establish that he was unable, with the exercise of due diligence, to obtain evidence material to his case. Although La.C.C.P. art. 1601 provides, "[a] continuance may be granted in any case if there is good ground therefor", we find no abuse of discretion in the trial court's denial of the motion for a continuance.
Regarding the merits of plaintiff's action to recover the balance of Holloway's open account, we find the evidence presented at trial established plaintiff's claim by a preponderance of the evidence. Thus, it is unnecessary for us to address the issue of whether defendant confirmed the debt owed on the open account.
In proving an open account, plaintiff first must prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by a plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. General Elec. Co. v. La. Elec. Supply, 460 So.2d 34 (La.App. 1st Cir.1984). The amount of an account is a question of fact which may not be disturbed absent manifest error. Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122 (La.App. 2d Cir.1990).
In this case, we find that Ms. Cutrer's testimony was sufficient to show that Holloway's itemized account of chiropractic treatments was kept in the course of business at Jacobs Chiropractic Clinic. Furthermore, Ms. Cutrer's explanation of the office procedures that were used in billing each patient's account established a prima facie case that the bill was accurate for the treatments received by Holloway. Thus, the burden shifted to defendant to prove the inaccuracy of the account. Based on defendant's testimony, the trial court determined that defendant had been charged an excessive amount for treatments received on two different dates. The trial court *35 adjusted the balance due on the account with respect to these overcharges. Otherwise, defendant failed to establish that the amount allegedly due on the open account was inaccurate. Accordingly, we find the trial court's judgment in favor of Jacobs Chiropractic Clinic in the amount of $962.00 is supported by the record. At defendant's cost, the judgment is affirmed.
AFFIRMED.