665 So.2d 523 (1995)
HERITAGE WORLDWIDE, INC.
v.
JIMMY SWAGGART MINISTRIES.
No. 95 CA 0484.
Court of Appeal of Louisiana, First Circuit.
November 16, 1995.
Rehearing Denied January 23, 1996.
Writ Denied March 29, 1996.
*525 Mr. G. Patrick Hand, Jr., Gretna, for Plaintiff-Appellant 2, Heritage Worldwide, Inc.
Mr. Barry W. Miller, Baton Rouge, for Defendant-Appellant 1, Jimmy Swaggart.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
HILLARY J. CRAIN, Judge, Pro Tem.
This appeal involves a suit on an open account. Heritage Worldwide, Inc. ("Heritage") filed suit to collect the amount allegedly owed by Jimmy Swaggart Ministries ("JSM") for the costs of printing certain publications.
Both parties appeal from a judgment that allows Heritage to collect interest at varying rates according to the dates on which invoiced amounts were due, awarding Heritage $1,787,615.68 plus judicial interest on the principal amount of $1,260,847.20 from October 31, 1994 until paid, and denying Heritage's prayer for attorney fees.
JSM assigns as error:
1. The trial court erred in finding that Heritage had sustained its burden of proof to present a prima facie case sufficient to shift the burden of proof to defendant to disprove the amounts sued upon;

*526 2. The trial court erred in not crediting Jimmy Swaggart Ministries $190,000.00 "double charge" for the ladies' bibles paper stock;
3. The trial court erred in basing its quantum award, in part, on unauthorized price increases, without any competent evidence of compliance with the bidding or purchasing order requirements;
4. The trial court erred in failing to allow JSM to amend its answer to plead a credit or offset for the sums owed by Heritage to Starcom and/or failing to allow JSM a credit or offset for all sums due to Starcom from Heritage; and
5. The trial court erred in awarding presuit conventional interest to the plaintiff and in awarding post-suit conventional interest and/or legal interest from date of judicial demand.
Heritage assigns as error:
1. The trial court incorrectly amended its original judgment without granting JSM's motion for a new trial, therefore, the original judgment was not vacated and JSM did not appeal a valid final judgment;
2. The trial court was manifestly erroneous in not awarding Heritage $261,815.83 for paper stock purchased for production of the Center Reference Bible; and
3. The trial court was manifestly erroneous in awarding legal interest, rather than conventional interest, on the principal amount claimed in the suit on open account.

MOTION FOR A NEW TRIAL
JSM filed a motion for a new trial, for reargument only, which was set for hearing. At the hearing, attorneys for both parties were present and presented argument. Both parties submitted briefs which went to the merits of the case and were not limited to the merits of granting a new trial. The trial court took the matter under advisement and subsequently rendered judgment on the motion for a new trial.
The judgment on the motion for new trial did not specifically state that JSM's motion was granted. Instead, the trial court "amended" the original judgment to exclude attorney's fees, "modified" the original judgment with regard to the interest rates and dates from which they were due, and changed its order concerning the amount JSM was to pay Heritage.
In written reasons for judgment on the motion for a new trial, the trial court stated that the original judgment would be modified as to the award of attorney fees and conventional interest and that it found no error in its decision denying credit for bible paper stock and price increases.
A new trial may be granted on all or part of the issues and for reargument only. La.C.C.P. art. 1971. A trial court has virtually unlimited discretion to grant a new trial when it is convinced that a miscarriage of justice has resulted, and, unless an abuse of discretion can be demonstrated, a trial court's action in granting or denying a new trial on discretionary grounds will not be reversed. La.C.C.P. art. 1973; Deliberto v. Deliberto, 400 So.2d 1096, 1098 (La.App. 1st Cir.1981).
Heritage argues that the trial court did not grant JSM's motion for a new trial; therefore, the original judgment was not vacated, and JSM did not appeal a valid final judgment.
Inherent in the issuance of the judgment on the motion for new trial which changed aspects of the original judgment is the fact that the court did in fact grant the motion. No party is alleging that they were prejudiced by the lack of a specific statement in the judgment granting or denying the motion, nor is there a claim that an additional hearing should be held.
Furthermore, a separate hearing or "new trial" is not necessary where the motion for new trial is for reargument only, and reargument of the case by counsel for all parties is heard at the hearing on the motion for a new trial. Russell v. McDonald's Corporation, 576 So.2d 1213, 1217 (La.App. 5th Cir.1991). In that instance, the trial court is only required to reconsider its previous judgment.
JSM's motion for new trial was for reargument only. Heritage requested that the motion *527 be denied and alternatively, if the motion was granted, the new trial be limited to reargument only. Both parties were represented at the hearing on the motion, presented argument at the hearing, and submitted briefs on the merits of the case and of the original judgment.
The trial court did not commit reversible error in failing to specify that the motion was granted in its judgment on the motion. We find that the trial court did in fact grant the motion for new trial for reargument only; that reargument was heard at the hearing on the motion for a new trial, and that the judgment on the motion for new trial included judgment on the new trial.

JSM'S AMENDED ANSWER
JSM assigns as error the trial court's failure to allow it to amend its answer to plead a credit or offset for the sums allegedly owed to it by Heritage, and failure to allow the credit or offset.
Trial was set for March 24, 1994. On March 16, 1994, JSM sought leave of court to amend its answer to claim offset by Heritage's indebtedness to JSM. Statements of Heritage's account were incorporated into the petition, and the invoices were attached. All invoices are from a business named Starcom Industries. The trial court refused to allow the amendment.
As a general rule, the trial judge has much discretion regarding amendments after an answer is filed. In such matters, the trial judge's ruling will not be disturbed unless a manifest abuse of discretion has occurred which indicates a possibility of resulting injustice. Jeffries v. Estate of Pruitt, 598 So.2d 379, 386 (La.App. 1st Cir.), writs denied, 599 So.2d 306, 605 So.2d 1124 (La. 1992); First Guaranty Bank v. Pineywood Partnership, 569 So.2d 209, 213 (La.App. 1st Cir.1990).
The plaintiff was only made aware of defendant's intention to assert this affirmative defense eight days before trial. The defense alleges that Heritage was indebted to Starcom Industries. No showing was made of the relationship of Starcom to JSM.
As Starcom is not precluded from pursuing collection of the sums allegedly owed by Heritage, there is no indication that injustice will result in denying JSM's amended answer. We find no abuse of discretion in the trial court's ruling in this instance.

AMOUNT DUE
Heritage argues that the trial court was in error in not awarding $261,815.83 for paper stock purchased by Heritage for the production of JSM's Center Reference Bibles. JSM argues that the trial court erred in not crediting their account $190,000.00, which had been paid but was not owed, and in not crediting their account for unauthorized price increases.
In proving an open account, plaintiff first must prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by a plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Jacobs Chiropractic Clinic v. Holloway, 589 So.2d 31, 34 (La.App. 1st Cir.1991); General Electric Company, Inc. v. Louisiana Electric Supply Company, Inc., 460 So.2d 34, 35 (La.App. 1st Cir.1984). The amount of an account is a question of fact which may not be disturbed absent manifest error. Jacobs Chiropractic Clinic v. Holloway, 589 So.2d at 34; Cole Oil & Tire Company, Inc. v. Davis, 567 So.2d 122, 131-32 (La.App. 2d Cir.1990).

a) Heritage's Claim for $261,815.83
Heritage offered the testimony of its owner and representative, Rodney L. Dockery. Mr. Dockery identified the invoices and the account receivable statement concerning the open account of JSM. Plaintiff also offered the testimony of Michael Benedetti, JSM's assistant controller during the relevant time period. Mr. Benedetti also identified Heritage's account receivable statement for the JSM account.
Both Dockery and Benedetti testified that the amount due as shown on the account *528 receivable statement was a result of an analysis of the account by Benedetti who, after discussions with Dockery, made appropriate corrections to the account. After the analysis was done, a reconciled statement was prepared as reflected on the account receivable statement.
The account receivable statement contains a debit of $261,815.83. The invoice evidencing this debit describes the charge as that for "CENTER REFERENCE STUDY BIBLE STOCK. PURCHASED FOR 30,000 BIBLES, BUT NOT BILLED AS PER PREVIOUR [sic] PURCHASE AGREEMENTS BETWEEN JSM AND HERITAGE PRINTERS & PUBLISHERS." The evidence indicates that JSM was normally billed for the completed product. In this instance, though, JSM was billed for unused paper stock still in the possession of Heritage.
The trial court subtracted the amount for the unused paper stock, $261,815.83, from the account total. The court stated that having excess paper on hand was a business practice and a calculated risk of Heritage. We agree that there was no agreement regarding excess paper which Heritage had on hand but did not use. We find no error in the trial court's ruling that Heritage did not carry its burden of proving that the JSM account should properly reflect a charge of $261,815.83 for unused stock.

b) JSM's claims for a $190,000.00 overpayment and for unauthorized price increases
The amount of an account is a question of fact which may not be disturbed absent manifest error. Jacobs Chiropractic Clinic v. Holloway, 589 So.2d at 34. Considering the evidence and in light of the standard of review, we find that Heritage established a prima facie case with regard to the amount shown on the statement less the charge of $261,815.83.
As plaintiff presented a prima facie case, it was defendant's burden to prove any inaccuracies. Jacobs Chiropractic Clinic v. Holloway, 589 So.2d at 34. JSM offered the testimony of Jimmy Swaggart, his wife, Frances Swaggart, and their son, Donnie Swaggart. JSM also presented documentary evidence in support of the allegations that there were unauthorized price increases and an overcharge of $190,000.00.
Frances Swaggart and Donnie Swaggart testified that no one had authority to amend purchase orders or approve price increases. In support of the claim of unauthorized price increases, defendant introduced into evidence purchase orders which had been amended.
The trial court also considered the testimony of plaintiff's witnesses, Robert Anderson, JSM's purchasing director, Michael Benedetti, JSM's assistant controller, and Douglas Konow, JSM's production services director. All testified that Robert Anderson had authority to amend purchase orders. Konow and Anderson testified that purchase orders were amended if there was a change in specifications or an upgrade. Anderson also testified that purchase orders were amended to accurately reflect the number of items received. Mr. Anderson recalled two purchase orders which were changed to correct an error in the price.
Frances Swaggart testified that $190,000.00 was paid by JSM in error, as this was an unauthorized charge. Defendant introduced into evidence a copy of a purchase order in support of this contention. The description on the purchase order read as follows:
LADIES BIBLE TO BE PRINTED PER AGREEMENT SEE ATTACHED
The exhibit has no attachments. The quantity ordered was 30,000 at the unit price of $12.85 for a total amount of $385,500.00.
The purchase order is amended and added to a number of times. There is a handwritten notation which states "pay for paper on floor as per agreement dated 11-16-85." Directly beneath this statement is the notation "OK per BA 3-29-89." This is initialed "KM." The figure $190,000.00 is written to the right of the notation. It is undisputed that JSM paid $190,000.00.
The trial court rendered judgment after consideration of all the evidence and assessment of the credibility of the witnesses. There was conflicting testimony concerning the authority of Robert Anderson to amend *529 purchase orders. Different interpretations can be given to the documentary evidence. Both Anderson and Konow reviewed the documents offered by defendant. Neither found that Heritage had been overpaid.
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of facts's findings. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Upon review, we cannot conclude that the trial court was clearly wrong in refusing to credit the account for unauthorized price increases and for $190,000.00. JSM failed to meet its burden of proving the inaccuracies of the account.

ATTORNEY FEES
The trial court denied Heritage's prayer for the award of attorney fees. We find no error.
Louisiana Revised Statute 9:2781 entitles a person seeking debt collection on an open account to recover reasonable attorney fees if prior written demand has been made upon the debtor "correctly setting forth the amount owed." Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015-16 (La.1984). As La.R.S. 9:2781 is penal in nature and an exception to the general rule that a successful litigant cannot collect attorney fees, it must be strictly construed. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d at 1015-16.
The demand letter sent to JSM by Heritage included in the amount demanded the charge of $261,815.83. We have found no error in the trial court's finding that JSM was not obligated to pay this charge. Thus, the demand letter incorrectly set forth the amount due, and Heritage's prayer for the award of attorney fees under La.R.S. 9:2781 must be denied.

INTEREST
Both parties assign as error various aspects of the trial court's award of interest. The trial court found that Heritage was entitled to interest on the principal amounts which were then due, from the due dates thereof, as follows:
1. Legal interest at an annual rate of 11.5% through May 1, 1990;
2. Conventional interest at an annual rate of 12% for the period from May 1, 1990 to February 27, 1991;
3. Conventional interest at an annual rate of 11% from February 27, 1991 until paid; and
4. Judicial interest on the principal amount of $1,260,847.20 from October 31, 1994 until paid.
Louisiana Civil Code article 2924(C)(1) provides:
The amount of the conventional interest cannot exceed twelve percent per annum. The same must be fixed in writing; testimonial proof of it is not admitted in any case.
The court found that there existed a written agreement for the payment of interest on delinquent amounts at the rate of 12%, beginning May 1, 1990. By later written agreement, the interest rate was reduced to 11%, beginning February 27, 1991. Letters evidencing the agreements were introduced into evidence. There is no error in the trial court's finding that there existed written agreements for conventional interest and that valid proof of the agreements was introduced.
The court's award of interest and the rates to be employed were based on La.C.C. art. 2000 which provides:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.
*530 The open account sued upon contains entries for invoices prior to May 1, 1990. The first such invoice is dated January 30, 1990. The trial court correctly held that there was no written agreement concerning interest on amounts due prior to May 1, 1990. In the absence of agreement, damage in the form of interest is calculated at the rate of legal interest. La.C.C. art. 2000. The legal interest rate for 1990 is 11.5%. La.C.C. art. 2924. The trial court was correct in awarding 11.5% interest on the principal amount due prior to May 1, 1990.
In finding that there existed written agreements concerning the conventional interest to be assessed, the trial court was also correct in awarding conventional interest at an annual rate of 12% on the principal amount due during the period from May 1, 1990 to February 27, 1991, and conventional interest at an annual rate of 11% on the principal amount due from February 27, 1991 until paid. La.C.C. art. 2000.
JSM argues that if the court awards interest, it should be calculated from the date of judgment, as this is the first date upon which the amount due is ascertainable, citing as authority Pittman and Matheny v. Davidge, 189 So.2d 706, 711-12 (La.App. 1st Cir.), writs refused, 249 La. 768, 191 So.2d 143 and 249 La. 771, 191 So.2d 144 (1966). JSM also argues that interest is due, at the earliest, from date of judicial demand, and relies on La.C.C. art. 2924 and La.R.S. 13:4203 for support.
The holding in Pittman, that interest is due from the date of judgment, was predicated upon the claim being one of quantum meruit. The matter before this court is a suit on an open account wherein the amount is readily ascertainable. Louisiana Civil Code article 2000 is controlling, and damages are measured by the interest on the sum from the time it is due. See, Ashley Hall Interiors, Ltd. Inc. v. Pisano, 520 So.2d 469, 471 (La.App. 4th Cir.1988).
Furthermore, JSM's reliance on La. R.S. 13:4203 in misplaced. This statute addresses interest on judgments in ex delicto cases. Unlike judgments in ex delicto actions wherein legal interest attaches from judicial demand under La.R.S. 13:4203, interest is recoverable on debts arising ex contractu from the time they become due, unless otherwise stipulated. La.C.C. art. 2000; Teledyne Movible Offshore, Inc. v. C & K Offshore Company, 376 So.2d 357, 359 (La.App. 3d Cir.1979). There is no merit in JSM's arguments on this point.
In addition to the trial court's judgment entitling Heritage to interest at the rates previously discussed, the judgment ordered JSM to pay Heritage $1,787,615.68 plus judicial interest on the principal amount of $1,260,847.20 from October 31, 1994 until paid, together with court costs incurred. It is unclear how the court arrived at the figure of $1,787,615.68. According to the invoices and account statement and excluding the charge of $261,815.85, the principal amount of the debt is $1,260,847.20, which is the principal amount which should have been awarded. Furthermore, the award of judicial interest, in addition to the legal and conventional interest already awarded, was in error.
Louisiana Code of Civil Procedure article 1921 mandates the award of interest in the judgment "as prayed for or as provided by law." Louisiana Civil Code article 2000 measures damages on an unpaid debt by interest on the sum from the time it is due. There is no other applicable legal precept which allows the award of judicial interest in addition to the legal and conventional interest allowed by La.C.C. art. 2000. See, Ken's Construction Company, Inc. v. Liles, 560 So.2d 103, 105-106 (La.App. 3rd Cir.1990).

DECREE
Accordingly, the trial court's judgment is AMENDED and recast as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Heritage Worldwide, Inc., and against the defendant, Jimmy Swaggart Ministries, in the principal sum of $1,260,847.20, with legal interest at an annual rate of 11.5% on the principal amount due prior to May 1, 1990, conventional interest at an annual rate of 12% on the principal amount due from May 1, 1990 until February 27, 1991, and conventional *531 interest at an annual rate of 11% on the principal amount due from February 27, 1991 until paid, together with court costs incurred."
In all other respects, the judgment is AFFIRMED. Costs of this appeal are to be paid by defendant, Jimmy Swaggart Ministries.
AFFIRMED AS AMENDED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.