ABC HOME SERVICES, INC.
v.
DRAGON GARDEN, L.L.C. AND JIN RONG ZENG A/K/A WAYNE ZENG.
No. 2007 CA 2033.
Court of Appeals of Louisiana, First Circuit.
June 6, 2008.
THOMAS K. WATKINS, Jr. Houma, LA, Attorney for Plaintiff-Appellee, ABC Home Services, Inc.
RANDALL M. ALFRED, Houma, LA, Attorney for Defendants-Appellants, Dragon Garden, L.L.C. and Jin Rong Zeng a/k/a Wayne Zeng.
Before: CARTER, C.J., PETTTGREW, and WELCH, JJ.
CARTER, C. J.
This case involves a dispute over payment for additional work arising out of a construction contract on a renovation at a restaurant in Houma, Louisiana. The contract was between plaintiff, ABC Home Services, Inc. (ABC Home), and defendants, Dragon Garden, L.L.C. and Jin Rong Zeng a/k/a Wayne Zeng (Zeng). Following a two-day bench trial, the trial court rendered judgment in favor of ABC Home on the main demand and in favor of Zeng on the reconventional demand. ABC Home filed a motion for new trial with reargument only, contending that the judgment was contrary to the law and evidence and asking the trial court to reconsider the appropriateness of the awards made in the original judgment.[1] After a contradictory hearing, the trial court rendered an amended judgment in favor of ABC Home, modifying and increasing the award to ABC Home on the main demand, and denying Zeng's reconventional demand. Zeng appealed, solely arguing that the trial court committed reversible error when it amended and modified the original judgment without receiving additional evidence or testimony. Zeng maintains that the original judgment was well-reasoned, sound, and legally correct, and therefore, should not have been disturbed. Zeng also argues that ABC Home failed to meet its burden of proof regarding the additional work it performed.
After a thorough review of the record and an evaluation of the relevant jurisprudence, we find no manifest error in the trial court's detailed factual conclusions, its credibility determinations surrounding the construction contract, and the proof of ABC Home's cost and performance regarding the additional items/work. Where factual findings are pertinent to the interpretation of a contract, those determinations are not to be disturbed by a reviewing court in the absence of manifest error. Newman Marchive Partnership, Inc. v. City of Shreveport, 40,512 (La. App. 2 Cir. 2/24/06), 923 So.2d 852, 856, writ denied, 06-1040 (La. 6/23/06), 930 So.2d 983. A trial court's reasonable assessment of the credibility of witnesses is subject to great deference. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Where the trial court has a choice between more than one reasonable view of the evidence, its choice cannot be manifestly erroneous or clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 883 (La. 1993).
We also find no abuse of discretion in the trial court's reconsideration and amendment of the original judgment without additional evidence. Pursuant to LSA-C.C.P. art. 1971, a new trial may be granted upon contradictory motion for reargument only. Furthermore, LSA-C.C.P. art. 1972(1) provides that a new trial shall be granted upon contradictory motion when the judgment appears clearly contrary to the law and the evidence. A trial court has virtually unlimited discretion to grant a new trial when it is convinced, after an examination of the facts, that a miscarriage of justice has resulted. Unless an abuse of discretion can be demonstrated, a trial court's action in granting or denying a new trial on discretionary grounds will not be reversed. Krolick v. State ex rel. Dept. of Health and Human Resources, 99-2622 (La. App. 1 Cir. 9/22/00), 790 So.2d 21, 28, writ denied, 00-3491 (La. 2/9/01), 785 So.2d 829; Heritage Worldwide, Inc. v. Jimmy Swaggert Ministries, 95-0484 (La. App. 1 Cir. 11/16/95), 665 So.2d 523, 526, writ denied, 96-0415 (La. 3/29/96), 670 So.2d 1233.
In this case, reargument was made by counsel for both parties at the hearing on the motion for new trial. The trial court was only required to reconsider its previous judgment in light of the evidence in the record after considering the argument on the motion for new trial; additional evidence was not necessary. See LSA-C.C.P. art. 1978; Rivet v. State, Dept. of Transp. & Development, 01-0961 (La. 11/28/01), 800 So.2d 777, 781; Heritage Worldwide, 665 So.2d at 526. In light of the trial court's vast discretion and the evidence in the record, we cannot say that it abused its discretion when it reconsidered and modified the original judgment.
Therefore, we hereby affirm the trial court's amended judgment by summary disposition in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2A(2), (4), (5), (6), (7), and (8). All costs of this appeal are assessed against defendants/appellants, Dragon Garden, L.L.C. and Jin Rong Zeng a/k/a Wayne Zeng.
AFFIRMED.
NOTES
[1] ABC Home's motion for new trial was titled "Motion to Reargue," but its memorandum and attached order both clearly requested a new trial with reargument only.